NEW YORK STATE WATER RESOURCES COMMISSION, Appellant-Respondent, v. LEONARD B. LIBERMAN, Respondent-Appellant.

Third Department, December 1, 1971.

*Louis J. Lefkowitz, Attorney-General (Stanley Fishman, Ruth Kessler Toch* and *Julius Feinstein* of counsel), for appellant-respondent.

*MacKenzie, Smith, Lewis, Michell & Hughes (Barry M. Shulman* of counsel), for respondent-appellant.

STALEY, JR., J. P.   These are cross appeals (1) by the plaintiff from that part of the order of the Supreme Court at Special Term, entered October 7, 1968 in Tompkins County, which denied plaintiff's motion to dismiss the first, third, fourth, fifth, and seventh defenses alleged in defendant's answer, and (2) by the defendant from that part of the order which granted the motion to dismiss the second defense alleged in defendant's answer. Plaintiff further appeals from an order entered November 4,

1968, which granted defendant's motion to amend his answer to assert an additional separate and complete defense.

Defendant is the owner of a parcel of land bounded on the west by the easterly side of Cayuga Lake. The complaint alleges that defendant made an application in March, 1961 to the Board of Land Commissioners for a grant of land under the waters of Cayuga Lake adjacent to the premises owned by him for the purpose of constructing a boat marina, by filling in with solid fill 100 feet offshore approximately 400 feet along the shore. Apparently no grant of land under the waters of Cayuga Lake was made to defendant. The complaint further alleges that at various times from 1960 to 1967 defendant wrongfully and in violation of law, placed fill in the navigable waters of Cayuga Lake adjacent to the uplands owned by him without first obtaining a permit to do so from plaintiff.

The complaint further alleges that the illegal fill constitutes removal of a section of the biologically productive shallow-water zone of Cayuga Lake, which is of paramount importance in the maintenance of fishing and fish life and fish spawning and nursery areas, and further, constitutes an unlawful appropriation of the public waters of Cayuga Lake for private purposes.

Plaintiff instituted this action on May 27, 1967 (1) to enjoin and restrain defendant from the further placing of fill in the navigable waters of Cayuga Lake without first obtaining a permit to do so, as required since January 1, 1966 by section 429-b of the Conservation Law and as required at all the times mentioned in the complaint prior to January 1, 1966 by section 31 of the Navigation Law; (2) for an injunction requiring defendant to remove all fill illegally placed by him in the navigable waters of Cayuga Lake; and (3) for civil penalties as provided in section 630 of the Conservation Law.

Defendant's answer to the complaint sets forth, in effect, a general denial and " separate and complete " defenses. Briefly summarized, the defenses set up (1) the six-year Statute of Limitations under CPLR 213 (subd. 5); (2) laches; (3) the three-year Statute of Limitations on penalties; (4) that section 429-b of the Conservation Law and the rules and regulations promulgated thereunder are unconstitutional as a taking of private property for public use without just compensation; (5) that article 5 (§ 400 et seq.) of the Conservation Law and the rules and regulations promulgated thereunder impose and create penalties for offenses allegedly committed prior to its enactment and is, therefore, unconstitutional; and (6) that defendant has title to the property and any claim by plaintiff is " ineffective ".

Special Term denied plaintiff's motion to dismiss defendant's

first affirmative defense which alleged that the cause of action accrued more than six years prior to the commencement of the action. Defendant, in support of his defense, contends that subdivision 5 of ,CPLR 213, which provides that an action by the State based upon the spoliation or other misappropriation of public property must be commenced within six years from the date of discovery by the State of the facts relied upon, sets up a bar to the action. Subdivision 5 of CPLR 213 is derived from article 76 of the Civil Practice Act entitled " Action by people founded upon the spoliation or other misappropriation of public property·". The provisions of that article are now found in section 63-c of the Executive Law and subdivision 5 of CPLR 213. It has been held that the authority granted the State by these statutes relates only to personal property, and not to real property. (*People* v. *New York & Manhattan Beach Ry. Co.*, 84 N. Y. 565.) It is interesting to note that the authority for actions for spoliation and misappropriation of public property originated in chapter 49 of the Laws of 1875, and was passed in view of the fact that the City of New York had been grossly defrauded by the alleged acts of municipal officers and others acting in collusion with them (*People* v. *New York & Manhattan Beach Ry. Co.*, *supra*, p. 569; see *People* v. *Tweed*, 63 N. Y. 194), which accounts for the use of the word spoliation which has been defined as plundering by " right or custom in war or political contest ". (Webster's Seventh New Collegiate Dictionary.) The first affirmative defense should be dismissed.

Defendant's third and fifth affirmative defenses are based on the premise that plaintiff is seeking penalties for violations of section 630 of the Conservation Law which occurred prior to its effective date, September 1, 1966.

Plaintiff alleges in its second cause of action that defendant has violated the provisions of section 630 of the Conservation Law and, by reason thereof, has become liable for the penalties prescribed therefor. The cause of action for penalties is expressly limited to violations of section 630 and the rules and regulations promulgated pursuant thereto. Since the only violations of section 630 are those which occurred in 1967, after the effective date of the penalty statute, the third and fifth affirmative defenses should have been dismissed. Statutes are to be construed as prospective only unless a clear expression of legislative intent to the contrary is found. (*Matter of Mulligan* v. *Murphy*, 14 N Y 2d 223, 226.)

Defendant, in his fourth affirmative defense, alleges that the provisions of section 429-b of the Conservation Law, and the rules and regulations promulgated thereunder, are unconstitu-

tional as a taking of private property for public use without just compensation, and the seventh affirmative defense alleges title to the lands involved and subject to the alleged required permit. Section 429-b provides that no person shall place fill in navigable waters of the State unless a permit shall have first been obtained, and that such a permit shall not be granted until the New York State Water Resources Commission " shall ascertain the probable effect on the use of such waters for navigation, the health, safety and welfare of the people of the state and the effect on the natural resources of the state, including soil, forests, water, fish and aquatic resources therein, likely to result from such channel excavation or fill ".

Cayuga Lake is navigable, and the ownership of the land under the waters thereof is held by the State in its sovereign capacity in trust for the people of the State. (*Stewart* v. *Turney,* 237 N. Y. 117.)

The State has the power to regulate and control the water resources and the navigable waters of the State, and the rights of riparian owners must yield to the State's exercise of such police powers. (*Matter of City of Utica* v. *Water Pollution Control Bd.,* 5 N Y 2d 164; *People* v. *System Props.,* 2 N Y 2d 330; *Matter of City of Johnstown* v. *Water Pollution Control Bd. of State of N. Y.,* 12 A D 2d 218, mot. for lv. to app. den. 9 N Y 2d 613.)

It is the stated public policy of the State of New York that " the waters of the state be conserved and developed for all public beneficial uses " and that the " reasonable standards of purity and quality of the waters of the state be maintained consistent with public health, safety and welfare and the public enjoyment thereof, the propagation and protection of fish and wildlife * * * and to that end, to require the use of all known available and reasonable methods to prevent and control pollution, wastage and unreasonable disturbance and defilement of the waters of the state ". (Conservation Law, § 401.)

The public interest in, and the necessity for, regulation of the water resources of the State in the manner provided by section 429-b of the Conservation Law, brings such statute clearly within the police power of the State. The enforcement of the permit requirements of section 429-b is a proper method for regulating property rights under the State's police power and does not constitute a taking of private property for public use. (*Nettleton Co.* v. *Diamond,* 27 N Y 2d 182; *People* v. *Stover,* 12 N Y 2d 462; *Matter of Presnell* v. *Leslie,* 3 N Y 2d 384.) Since the State has the power to regulate waters even when the title to the land under water is in private ownership, the issue of title is not

involved in this action. Defendant's fourth and seventh affirmative defenses should, therefore, be dismissed.

Special Term's dismissal of defendant's second separate and complete defense, and its granting of defendant's motion to amend his answer to allege a separate and complete defense that the administration of the Conservation Law by plaintiff was discriminating against him should be affirmed.

Defendant's second defense alleges that plaintiff was guilty of laches in commencing the action and should, in equity, be barred from maintaining the action. Limitations of time within which the State shall act must be statutory, and laches should not be held to apply against the State in respect to its right to recover and protect property held in trust for the people. (*Hinkley* v. *State of New York,* 202 App. Div. 570, 573–574.)

Special Term held that based on the facts set forth in the affidavit on the motion to amend, which facts might tend to indicate discriminatory enforcement of the Conservation Law against defendant, he should be entitled to a determination of such alleged defense upon the trial. (Cf. *People* v. *Utica Daw's Drug Co.,* 16 A D 2d 12.) A similar defense was permitted by Special Term and affirmed by this court in *People* v. *Liberman* (37 A D 2d 923).

The order entered October 7, 1968 should be modified, on the law and the facts, so as to dismiss the first, third, fourth, fifth and seventh defenses, and, as so modified, affirmed, without costs; the order entered November 4, 1968 should be affirmed, without costs.

Greenblott, Cooke, Sweeney and Simons, JJ., concur.

Order entered October 7, 1968 modified, on the law and the facts, so as to dismiss the first, third, fourth, fifth, and seventh defenses, and, as so modified, affirmed, without costs; order entered November 4, 1968 affirmed, without costs.