■ In the Matter of MARINE EQUITIES CORPORATION, Petitioner, v JAMES L. BIGGANE, as Commissioner of Environmental Conservation of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (1) to annul a determination of respondent, dated May 7, 1974 and made after a hearing, denying petitioner's application for a permit, pursuant to sections 15-0505 and 25-0202 of the Environmental Conservation Law, to fill in certain land under water off the shore of Staten Island and (2) to compel issuance of the permit. Determination confirmed and proceeding dismissed on the merits, without costs. Petitioner contends that the Tidal Wetlands Act (Environmental Conservation Law, § 25-0101 *et seq.)* is unconstitutional as applied in that the Act deprives petitioner of its property without just compensation. It also contends that respondent failed to give due consideration to the reasonable economic and social development of the State in making his determination. These contentions lack merit. Section 25-0202 of the Environmental Conservation Law provides that no person shall alter the state of any tidal wetland or of any area immediately adjacent thereto unless a permit shall have been obtained pursuant to section 15-0505 of that

law. The predecessor of the latter section was section 429-b of the Conservation Law, which was held to be constitutional in *New York State Water Resources Comm. v Liberman* (37 AD2d 484, app dsmd 30 NY2d 516). We find that the determination under review is, on the entire record, supported by substantial evidence and should therefore be confirmed. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.