In the Matter of the Claim of BERNADINE H. JOLLY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause. Claimant had been employed by the City of New York as an analyst for eight years, at an annual salary of $18,500 at the time her employment terminated, when she lost her position under nondisqualifying conditions. Unable to find employment in her usual occupation and not covered by unemployment insurance, claimant accepted a job as a salesgirl at a salary of $2.72 per hour and ultimately advanced to a clerical position with the same store at a salary of $3.06 per hour. When claimant became aware of the newly enacted Special Unemployment Assistance Program, which retroactively covered municipal employees, she quit her clerical job for the sole purpose of collecting unemployment insurance benefits. There was no similarity between the work claimant performed during the course of her employment with the City of New York and the duties she performed in the department store. If claimant had been eligible for unemployment insurance benefits at the time she was laid off, logic dictates that she would not have taken the temporary position as a part-time retail sales clerk, nor could she have been forced to do so under the Labor Law. A denial of benefits to the instant claimant leads, on the surface, to the anomalous result that a person who did not seek employment could receive the retroactive benefits, while a person who sought and found gainful employment would be denied said benefits, thus penalizing the diligent and willing worker. Nevertheless, the primary purpose of unemployment insurance is to ease the hardship of involuntary unemployment due to economic conditions or other conditions beyond the control of the employee. It was not intended as a substitute for a minimum wage law nor was it intended as an "economic floor" by which a claimant may measure a decision as to whether to accept employment or unemployment. It is the opinion of this court that a claimant may not quit work voluntarily without good cause for the sole purpose of collecting unemployment insurance. Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.