In the Matter of the Claim of BARBARA A. SWYER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 1975, which affirmed the decision of a referee modifying and sustaining an initial determination of the Industrial Commissioner. Claimant was employed as a full-time teacher by the Board of Education of the City of New York from April 16, 1975 until June 25, 1975, when she was discharged. Concurrent with her full-time employment, claimant held part-time employment two evenings per week at the New School in New York City. Her employment with the New School terminated on July 23, 1975 when the term ended, but resumed again in September. Her claim for benefits under the Federal Special Unemployment Assistance Program (SUA) filed June 30, 1975 was denied. The issue on appeal is whether claimant is entitled to benefits under SUA by reason of her loss of full-time employment with the Board of Education of the City of New York. SUA is a Federal program enacted for the purpose of establishing "a temporary Federal program of special unemployment assistance for workers who are unemployed during a period of aggravated unemployment and who are not otherwise eligible for unemployment allowances under any other law" (US Code, tit 26, § 3304, Special Unemployment Assistance Program, § 201). Claimant contends she is entitled to SUA benefits for three periods. The period from June 30, 1975 to July 23, 1975 represents the time after which claimant was discharged from her full-time employment and during which she was employed two evenings per week at the New School. The referee denied Federal benefits on the ground that she "was eligible for benefits because of her part-time employment". Section 203 (subd [a], par [1]) provides that to be eligible for

SUA benefits, one must not be eligible for compensation under any State or Federal unemployment compensation law. As to this period, then, the question is whether claimant was eligible for State benefits notwithstanding her part-time position. Claimant was denied SUA benefits up to July 23, 1975 because, contrary to her claim, her part-time employment was covered under State law and entitled her to State benefits at the lower rate generated by the lower weekly pay for that job. She had sufficient weeks of part-time employment and remuneration in her base year to file a valid claim for benefits under section 527 of the Labor Law. Since claimant worked two evenings per week, she was eligible for partial benefits equal to one half of her benefit rate (Labor Law, §§ 523, 590, subd 3) and did, in fact, receive such benefits. As to the other two periods in question, from July 24, 1975 to September 25, 1975 and after September 25, 1975, it is apparent that claimant's ineligibility under SUA continued by virtue of her continuing eligibility for State benefits, not, as argued by respondent, by disqualification under subdivision (b) of section 203 of SUA and subdivision 10 of section 590 of the Labor Law. Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.