■ In the Matter of the Claim of AVRAM PHELOSOF, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 25, 1976, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding that claimant was not eligible for benefits under the Federal Special Unemployment Assistance Program (hereafter SUA) (US Code, tit 26, § 3304), effective September 22, 1975 because claimant was eligible for benefits under the New York State Labor Law. The facts are not in dispute. Claimant was last employed for six months by Monroe County, in the Department of Social Services when his services were terminated on September 17, 1975. Claimant's employment by Monroe County was not a covered employment. Claimant was previously employed in a covered employment as a garage attendant at a lower wage rate. Claimant filed an original claim for unemployment benefits effective September 22, 1975. Claimant was ruled eligible for benefits under the regular State Labor Laws based on his covered employment and has been receiving a weekly benefit of $44. Claimant was ruled ineligible on his original claim for benefits under SUA. The issue on appeal is whether claimant is entitled to benefits under SUA by reason of his employment by the Monroe County Department of Social Services. If claimant is eligible for benefits under SUA, he claims weekly benefits of $95. "SUA is a Federal program enacted for the purpose of establishing 'a temporary Federal program of special unemployment assistance for workers who are unemployed during a period of aggravated unemployment and who are not otherwise eligible for unemployment allowances under any other law' (US Code, tit 26, § 3304, Special Unemployment Assistance Program, § 201)." (Matter of Swyer [Levine], 52 AD2d 707.) The board denied Federal benefits under SUA on the ground that since claimant was eligible for and was receiving benefits under the State law, he was not eligible for benefits under SUA. The board's decision is correct and must be affirmed. "Section 203 (subd. [a], par. [1]) provides that to be eligible for SUA benefits, one must not be eligible for compensation under any State or Federal unemployment compensation law" (Matter of Swyer [Levine], supra, pp 707–708). As claimant was eligible for and is receiving State unemployment benefits he is ineligible under SUA. SUA "was not intended as a substitute for a minimum wage law nor was it intended as an 'economic floor'" (Matter of Jolly [Levine], 52 AD2d 706). Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.