■ In the Matter of the Claim of GRACE M. DILLON et al., Respondents. GREER CHILDREN'S SERVICES, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 28, 1976, which sustained the decision of the Referee reversing the initial determinations of the Industrial Commissioner disqualifying claimants from receiving benefits. Claimants are husband and wife. The latter, aged 24, attended high school but did not graduate. In response to a newspaper ad she accepted a position as a house parent for a facility licensed under the Department of Social Services, and which took care of children who were referred to them from an agency in New York City. Claimants were required to live in a residential home with six children. Claimant husband was to act as a father figure and do certain maintenance work around the premises. It was also understood he would obtain gainful employment in the area. This he did, as a maintenance man at a motel. After working at the facility for six months claimant wife gave written notice of her termination of employment. Since claimants had to vacate the premises, the husband terminated his employment at the motel and they returned to the area in which they had originally lived. The wife testified that she was to be given one three-day weekend off each month, but never received it. While the employer denies this, there is a letter in the record from the employer stating the wife could have so construed certain statements made at a pre-employment conversation. Claimant wife also testified that she was told there would be no emotionally disturbed children in her care and that she would be allowed certain sums of money for food. She further testified that the food allotment was consistently inadequate. The record also reveals that the claimant wife was interviewed by the County Family Counseling Service and advised to leave the job since remaining would be damaging to herself, her marriage and the children under her care. There is also evidence in the record that some of the six children had emotional difficulties. The board found claimant wife had no prior experience, either educationally or otherwise for the type of duties which she assumed; that the employer did not fulfill the terms of the employment; and that the refusal to furnish claimant wife with three days off each month contributed to her leaving the employment. As to the husband, the board found he left his employment with the wife's employer for the same reason she left. The board concluded that neither voluntarily left his employment without good cause and were not disqualified from receiving benefits. This appeal ensued. Because of the unusual factual situation presented, we will determine the claims separately and consider the wife's case first. What constitutes good cause is a factual question within the province of the board to determine. From an examination of the record in its entirety, we are of the view that there is substantial evidence to sustain the board's determination that the wife had good cause for terminating her employment. Consequently, we should not disturb that determination. As to the husband, the more perplexing question is whether he was in the employ of the wife's employer. We are of the opinion, however, that we

need not reach that question since the husband voluntarily left his employment with the motel. The board found that his last employer was not the motel in which he worked as this employment was incidental to his main employment with his wife's employer and that once his wife left her employment he had no reason to continue working at the motel. We disagree. The terms and conditions of his employment did not change at the motel, and it is clear that he could have continued to work there. When his wife left her employer they lost the use of the house and the food allotment provided by the employer. Whether he remained employed at the motel or not, the husband would still need to seek new housing. By continuing to work at the motel he could at least earn his own wages rather than having to resort to unemployment benefits. The primary purpose of the Unemployment Insurance Law is to "ease the hardship of involuntary unemployment due to economic conditions or other conditions beyond the control of the employee." *(Matter of Sellers [J. W. Mays, Inc.—Catherwood],* 13 AD2d 204, 205). It is this court's view that the husband as a matter of law voluntarily left his employment at the motel without good cause and to grant him unemployment benefits would contravene the basic spirit and intent of the Unemployment Insurance Law. Consequently, so much of the board's decision that granted unemployment benefits to claimant husband must be reversed. Decision modified, by reversing so much of the decision as granted unemployment benefits to claimant husband, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.