■ In the Matter of the Claim of RICHARD GRANDY, Respondent. EARL PHILLIPS, Doing Business as EARL'S EXXON, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeals from decisions of the Unemployment Insurance Appeal Board, filed August 12, 1977 and November 7, 1977, which affirmed decisions of a referee sustaining initial determinations of the Industrial Commissioner holding claimant eligible to receive benefits without disqualifying conditions and overruling the employer's objection to the assessment of experience rating charges. The facts of these cases are not disputed. Two days after he was laid off from his full-time position as a welder with a firm that had engaged him for over eight years, claimant resigned the concurrent part-time job that he had held with another for some six weeks as a service station attendant and filed for unemployment insurance benefits. The loss of his primary source of income occurred under nondisqualifying conditions and, even though continuing work was available at the service station on the same terms and conditions, it was initially determined that claimant had good cause to quit such part-time employment since his weekly benefit rate of $95 was significantly higher than the wages of approximately $50 per week he received from the secondary position. The service station employer contested this determination, together with a later ruling assessing experience rating charges to its account as claimant's last employer (see Labor Law, § 581, subd 1, par [e]), but both challenges were rejected following separate hearings before the same referee. His findings and opinions were adopted by the board and these appeals from its respective decisions ensued. In our opinion the decisions must be reversed. During the brief interval between his layoff and resignation, claimant had been advised by respondent's representative that unemployment insurance benefits could not be utilized to subsidize his loss of earning capacity while he continued to work for appellant. The sole reason claimant then left his part-time employment, as the board found and he concedes, was a desire to qualify for benefits. The error of the board was in its legal conclusion equating good cause for refusing employment (see Labor Law, § 593) with good cause for leaving work to obtain such benefits in the first place. Unemployment insurance benefits are payable only to those who are "totally unemployed" (Labor Law, § 591, subd 1) and even those who are arguably employed in only a technical sense are ineligible to receive them. (See, e.g., *Matter of Todino [Ross],* 59 AD2d 638; *Matter of Brandau [Levine],* 52 AD2d 696; cf. *Matter of Swyer [Levine],* 52 AD2d 707.) Although it does seem harsh to refuse to extend benefits to an employee who happens to engage in additional outside employment while granting them to a less industrious coworker whose single position comes to an end at the same time, unemployment insurance is not a minimum wage substitute and one may not voluntarily leave employment to secure its advantages *(Matter of Dillon [Greer Children's Servs.—Ross],* 59 AD2d 592; *Matter of Jolly [Levine],* 52 AD2d 706). Any change in the meaning of total unemployment must be accomplished by legislative means and we are constrained to

conclude, as a matter of law, that claimant's voluntary resignation from appellant's employ was without good cause. Since this result may well have a favorable impact on appellant's experience rating charges (see Labor Law, § 581, subd 6), we find it unnecessary to pass upon the specific arguments addressed to that determination at this time and remit both decisions to the board for further consideration. Decisions reversed, without costs, and matters remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.