■ In the Matter of the Claim of JEANNE SHRAGER, Respondent. CREATIVE FAIRES, LTD., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 1981, which determined that claimant was an employee and not an independent contractor and that the employer was liable for unemployment insurance contributions based upon claimant's earnings and those of all other persons performing services under similar circumstances. Appellant organizes and operates theme festivals open to the general public. Appellant's president testified that ads were placed in trade journals for people to perform in the festivals; that claimant was hired as an actress during a fair, that claimant worked under the direction of a director who told her the hours she was to work and the manner she was to perform her acting; that claimant developed a character subject to appellant's approval; that she was subject to a director's control during rehearsals; that each day that she worked she performed in a play according to a script given to her by appellant; that a roll call was taken each day to see that all performers were present; that claimant was asked to advise appellant if she could not appear on a specific date or if she had to leave early; and that each performer signed an agreement with appellant. The agreement in question provided that bus transportation to and from the festival would be furnished by appellant; that appellant would provide a "mandatory language workshop"; that performers were to be available at a certain time each morning of a performance date; that performers were to make themselves available for meetings with group leaders, directors and producers at the close of each day if necessary; and that appellant reserved the right to cancel the agreement at its discretion. The board found that claimant was an employee rather than an independent contractor and concluded that appellant was liable for unemployment insurance contributions based upon claimant's earnings and those of all other persons performing services under similar circumstances. This appeal ensued. Appellant contends that the board erred as a matter of law in determining that claimant and others performing under similar circumstances were employees and not independent contractors. The issue is one of substantial evidence and while conflicting evidence was presented, such a conflict raised questions of fact for the board to resolve (*Matter of Mikulski [O'Keh Caterers Corp. — Roberts]*, 90 AD2d 633). Upon our review of the record, we find substantial evidence to support the board's determination on the issue of employment status and, therefore, the decision of the board should not be disturbed (see *Matter of Foundation for Open Eye [Ross]*, 86 AD2d 931). Appellant also urges that its due process rights were violated due to the fact that it was denied the opportunity to cross-examine claimant when she testified at a hearing held on December 17, 1980. The record reveals, however, that at a hearing held on November 25, 1980, appellant's president was told that a hearing would be held in mid-December so that claimant could be examined and he stated that he planned on being away at that time although his plans were not firm at that point. He also stated that if he could not be there his accountant could attend the hearing. Since appellant was notified of the December hearing, it cannot now be argued under the present circumstance that it was denied a right to cross-examine claimant at the hearing. Significantly, appellant made no request that the December hearing be postponed. In any event, there is substantial evidence to support the board's determination absent the testimony of claimant. Appellant's remaining arguments have been considered and are unpersuasive. Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Yesawich, Jr., JJ., concur.