■ In the Matter of the Claims of MERVIN J. LEWIS et al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 14, 1982, which affirmed a decision of an administrative law judge sustaining initial determinations of the Commissioner of Labor holding that claimant Dollyanna Lewis was ineligible to receive benefits effective December 29, 1980 through May 31, 1981 because she was not totally unemployed, that she received an overpayment of $2,465 in benefits ruled to be recoverable and that she made willful false statements to obtain benefits by reason of which a forfeiture of 176 effective days was imposed as a penalty in reduction of her future benefit rights, and that claimant Mervin Lewis was ineligible to receive benefits effective January 5, 1981 through March 29, 1981 because he was not totally unemployed, that he received an overpayment of $1,375 in benefits ruled to be recoverable and that he made willful false statements to obtain benefits by reason of which a forfeiture of 92 effective days was imposed as a penalty in reduction of his future benefit rights. Claimants are husband and wife, and the record is replete with evidence, which is not seriously contested, to the effect that during the periods at issue they were substantially involved with activities relative to the formation and operation of their own crop dusting business, Airspray, Inc. Accordingly, the determinations that they were not totally unemployed have ample evidentiary support and should not

be disturbed (cf. *Matter of Scheer* [*Catherwood*], 33 AD2d 1063). We reach a similar result with regard to the findings of willful misrepresentation. Although such findings are not warranted in every case where a claimant has failed to report his activities in starting a business and mere technical inaccuracies in a claimant's weekly reports to the local office are not enough to raise a factual issue of misrepresentation (see, e.g., *Matter of Czarniak* [*Ross*], 60 AD2d 745), here sufficient evidence is presented so as to mandate an affirmance of the board's rulings. As previously noted, claimants' business activities were substantial, and they necessarily consumed a great deal of claimants' time. These activities included, *inter alia,* the formation of Airspray, Inc., the opening of a bank account and the purchase of office supplies for the business, the leasing of aircraft and the purchase of aircraft liability insurance, the financing of the business, the contacting of potential customers and employees and even the formation of a second company, Lewis Equipment Company, to provide equipment and services for Airspray, Inc. Moreover, claimant Mervin Lewis did not disclose his numerous activities until he was called for an interview by the local office after Airspray, Inc., appeared on the job efforts list of another claimant, and significantly, claimant Dollyanna Lewis, who had filed her benefit claim at a different local office, continued to certify for benefits through May of 1981 by indicating that she was doing no work even though her husband's benefits had been discontinued in March because of his activities in the family business. In our judgment, all of these circumstances provide the requisite substantial evidence to support the board's determinations that claimants made willful false statements to obtain benefits. Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.