■ In the Matter of the Claim of EDWARD T. PALSYN, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 1983. ¶ Claimant was employed as a utility maintenance man for a wire cable firm for approximately 16 years. It appears that the employer permitted its employees to purchase wire from the firm, at a discount, but only in incomplete reels. In June, 1980, claimant purchased five complete reels from a co-worker, which ostensibly were obtained from a different electrical company. Claimant, in turn, sold the reels to his uncle. Thereafter, the employer investigated a classified ad placed by claimant's uncle and discovered that the wire offered for sale was from its own firm. Ultimately, the wire was traced to claimant and he was fired for improper sale and possession of company property.[1] Claimant's initial claim for benefits was denied on a finding of misconduct. After an administrative law judge reversed this decision, claimant received $3,625 in benefits. In the meantime, the board reinstated the initial determination,

1. Criminal charges against claimant were dismissed on jurisdictional grounds.

finding that, at the very least, claimant was involved in a scheme in which he obtained the employer's property without consent. The board concluded that claimant's employment was therefore lost through misconduct. The commissioner then determined that the benefits paid claimant were recoverable. An administrative law judge again reversed, finding that claimant has not made any false statements at the misconduct hearing and that the overpayment in benefits was not recoverable. The board affirmed and the commissioner has appealed. ¶ There must be a reversal. Initially, we note that the commissioner appeals only from so much of the board's decision as overruled its determination that the overpayment in benefits was recoverable pursuant to subdivision 4 of section 597 of the Labor Law,[2] and not its alternate determination that claimant made willful false statements to obtain benefits under section 594 of the Labor Law. Subdivision 4 of section 597 of the Labor Law permits a recovery of benefits received within the previous year when a claimant had made a false statement of fact even though unintended (*Matter of Valvo* [*Ross*], 57 NY2d 116, 127-128). At the misconduct hearing, claimant testified that he obtained possession of the wire reels from a co-worker who had purchased the goods from an independent wholesaler. The board concluded that this testimony was incredible and unworthy of belief. In this proceeding to recover the overpayment, however, the board decided that its misconduct ruling did not equate to an express finding that claimant's testimony was in fact false, but merely represented an assessment of credibility. We find the distinction to be without substance and agree with the commissioner that the board's finding of wrongful possession necessarily indicates that claimant's testimony was in fact false. The issue here is not whether claimant intentionally or willfully testified falsely, but whether he made false statements of fact in connection with his claim for benefits (Labor Law, § 597, subd 4). By discrediting claimant's previous testimony, the board, of necessity, determined that his assertions of innocent possession were in fact false. Accordingly, since benefits paid as a result of false testimony are recoverable pursuant to subdivision 4 of section 597 of the Labor Law, the decision of the board must be reversed and the initial determination of the commissioner, ruling the overpayment of $3,625 in benefits to be recoverable, is reinstated. ¶ Decision reversed, without costs, and the initial determination of the commissioner is reinstated. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

2. Subdivision 4 of section 597 of the Labor Law was recently amended (L 1983, ch 415, § 9, eff Sept. 5, 1983) to read as follows: "Effect of review. Whenever a new determination in accordance with the preceding subdivision or a decision by a referee, the appeal board, or a court results in a decrease or denial of benefits previously allowed, the commissioner shall have a right of action for recovery of moneys paid pursuant to the prior determination or decision." This amendment effectively removes the requirement of demonstrating bad faith, a false statement or willful concealment on a claimant's part in order to recover benefits erroneously paid. In this regard, we agree with the commissioner that this amendment applied prospectively to benefits paid after September 5, 1983. Absent a clear legislative intent to the contrary, not here present, statutes are to be construed as prospective only (*Gleason v Gleason,* 26 NY2d 28, 36; *New York State Water Resources Comm. v Liberman,* 37 AD2d 484, 487, app dsmd 30 NY2d 516; McKinney's Cons Laws of NY, Book 1, Statutes, § 51, subds b, c; 56 NY Jur, Statutes, §§ 264-265, pp 709-712).