In the Matter of the Claim of GERALD W. WILSON, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.

Third Department, July 19, 1984

APPEARANCES OF COUNSEL

*Kiley, Feldmann, Whalen, Devine & Patane (Edward J. Shive* of counsel), for appellant.

*Robert Abrams, Attorney-General (Iris A. Steel* and *Jonathan Irons* of counsel), for respondent.

**OPINION OF THE COURT**

HARVEY, J.

In February, 1982, claimant became unemployed when the plant at which he was working closed. Prior to the relevant dates herein, claimant became a participant in an Alcoholics Anonymous program. His counselor recommended that he keep busy rather than stay home all day. In compliance, he spent a good share of his time at his brother's farm supply store where he performed a myriad of productive tasks without remuneration. During this period, he failed to report that he was engaged in work activities and continued to accept unemployment compensation.

The Commissioner of Labor initially held that, from April 4, 1983 through May 29, 1983, claimant was "employed" within the meaning of section 522 of the Labor Law and thus had been paid unemployment compensation improperly. The Commissioner further found that claimant's failure to disclose his activities at the store was willful, that as a result an overpayment of $848 was recoverable against him and that the imposition of a penalty of a forfeiture of 64 effective days of entitlement in the future would be imposed. The determination was upheld by both an administrative law judge and the Unemployment Insurance Appeal Board. This appeal by claimant ensued.

While we agree with that portion of the Board's decision which found claimant ineligible to receive benefits due to the fact that his voluntary activities constituted employment (see *Matter of Slayton [Roberts]*, 96 AD2d 1005), we must disagree, however, with that portion which ruled that claimant's failure to report his activities as "employment" was a willful misrepresentation within the meaning of subdivision 4 of section 597 of the Labor Law.* The Board found that claimant neither received nor expected any financial benefit from his employment. There was ample uncontradicted evidence that claimant's purpose in voluntarily performing the disputed activities was therapeutic. Claimant explained that it was his understanding that employment without pay did not preclude him from seeking and receiving unemployment benefits. His belief cannot be construed as unreasonable or incredible. The definition of employment contained in the Labor Law does not reflect the common understanding of the word (see *Matter of Valvo [Ross]*, 57 NY2d 116; see, also, *Matter of O'Leary [Roberts]*, 93 AD2d 915; *Matter of Duffy [Ross]*, 78 AD2d 735).

Moreover, in addition to not being willful, we do not regard claimant's incorrect categorization of his employment status to be a false statement of fact sufficient to allow recovery of those benefits paid within one year pursuant to subdivision 4 of section 597 of the Labor Law. (*Matter of Valvo [Ross]*, *supra*).

* We apply subdivision 4 of section 597 of the Labor Law as it was prior to amendment effective September 5, 1983 (see L 1983, ch 415).

The decision should be modified, without costs, by reversing so much thereof as found claimant guilty of a willful misrepresentation, ordered a forfeiture of effective days of future benefits and ruled that the benefits already paid to claimant were recoverable, and, as so modified, affirmed.

KANE, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Decision modified, without costs, by reversing so much thereof as found claimant guilty of a willful misrepresentation, ordered a forfeiture of effective days of future benefits and ruled that the benefits already paid to claimant were recoverable, and, as so modified, affirmed.