■ In the Matter of the Claim of IRENE BARBER, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 3, 1985, as amended by decision filed August 9, 1985, which ruled that claimant was ineligible to receive benefits on certain dates, charged her with a recoverable overpayment of benefits and imposed a forfeiture of effective days as a penalty in reduction of future benefits.

Claimant had been employed as a manager-bookkeeper with the A. J. Beaudette Company (Beaudette), a construction company owned by her brother-in-law, when she was laid off in 1982 and 1983. Beaudette had employed claimant for over 20 years. Her duties as manager-bookkeeper included the processing of bids associated with Beaudette's construction jobs, the making and receiving of telephone calls, billings, the preparation of checks and payroll.

On the two occasions that claimant was laid off, she applied for and received unemployment insurance benefits. In her application for these benefits, she indicated that she had not worked for a relative within the past 12 months. Although she continued to write some checks for Beaudette at her home after she was laid off, she indicated that she was totally unemployed on her unemployment insurance book calendar.

An investigation culminated in a finding by the Commissioner of Labor that complainant had willfully misrepresented that she was totally unemployed, was overpaid $2,484 in benefits which were recoverable and was subject to a penalty of a loss of 176 future benefit days. The determination was eventually upheld by the Unemployment Insurance Appeal Board and the instant appeal ensued.

Claimant's contention that the Board erred when it determined that she was not totally unemployed on the dates entered on certain checks which she had written is without merit. The investigator concluded that claimant had prepared the checks in question on the date indicated on each check. Claimant maintains that she prepared the payroll checks once a week and the checks to pay bills once a month. Claimant's employer supported her position and explained that he had claimant prepare these checks because he had muscular dystrophy and was therefore unable to write out the checks himself.

There is substantial evidence to support the Board's conclusion that claimant was not totally unemployed on the various dates involved (see, Matter of Wilson [Roberts], 102 AD2d 556, 557; Matter of St. Germain v Ross, 78 AD2d 565). The Board was free to reject the testimony of claimant and her employer and adopt the inference that the checks were written on the date they bore (see, Matter of Di Maria v Ross, 52 NY2d 771, 772; Matter of Shrager [Creative Faires—Roberts], 92 AD2d 1011).

However, claimant's misrepresentations appear to be misrepresentations of law, not of fact, and hence were not willful

*(see, Matter of Valvo [Ross],* 57 NY2d 116, 128; *Matter of Wilson [Roberts],* 102 AD2d 556, 557, *supra; Matter of Rothstein [Roberts],* 96 AD2d 699, 700-701; *Matter of Scully [Roberts],* 88 AD2d 689). As the Board found, claimant was not totally unemployed within the meaning of the Labor Law *(see,* Labor Law § 522). However, the definition of "employment" in the Labor Law includes services rendered for no consideration and "does not reflect the common understanding of employment" *(Matter of Valvo [Ross], supra,* p 126; *see, Matter of Wilson [Roberts], supra,* p 557).

Claimant testified that she did not think that these services constituted employment because she did them at home during the evening hours and did not receive any pay for her efforts. Moreover, she did not perform the same services while she was receiving unemployment benefits as when she was employed. Writing out checks was only a small part of claimant's duties while she was employed. Her checkwriting activity was not of such significance that it can be said that she was aware she was "employed" under the Labor Law definition of that term or that she should have been so aware. Therefore, the Board erred in finding that she made willful misrepresentations to obtain benefits and that the overpayments made prior to September 3, 1983 are recoverable.

However, the Board properly found that the overpayments made after September 3, 1983 are recoverable because, as of that date, it was no longer necessary to find that a recipient made "willful misrepresentations of fact" before the overpayments would be recoverable *(see,* Labor Law § 597 [4], as amended by L 1983, ch 415, §§ 9, 26 [2]; *Matter of Palsyn [Roberts],* 100 AD2d 716, 717, n 2).

Decision modified, without costs, by reversing so much thereof as found a willful misrepresentation to obtain benefits, ordered a forfeiture of effective days and ruled that the benefits paid to claimant before September 3, 1983 were recoverable; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith; and, as so modified, affirmed. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.