In the Matter of the Claim of CLAYETTA C. GONYO, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Mahoney, P. J.

Claimant was employed by a corporation of which her husband was the sole shareholder, officer and director. Her duties included clerical and bookkeeping matters. In such capacity, she wrote most of the corporation's checks. The business was seasonal and it was closed during the winter. During such period, claimant collected unemployment insurance benefits. Specifically, during the winters of 1980-1981, 1981-1982 and 1982-1983, claimant collected $7,375 in benefits. During the closed periods, claimant continued to write checks for the corporation. After a hearing, an Administrative Law Judge found that (1) claimant had not been totally unemployed, (2) claimant had made a willful misrepresentation to obtain benefits, and (3) the benefits received as a result thereof were recoverable. The Unemployment Insurance Appeal Board affirmed such ruling and this appeal ensued.

The type of checkwriting activity done by claimant has been held to be employment for purposes of the Unemployment Insurance Law (see, Matter of Valvo [Ross], 57 NY2d 116; Matter of Barber [Roberts], 121 AD2d 767), such that the Board properly held that claimant was not totally unemployed.

Regarding the finding of false misrepresentation, this is generally a question of fact for the Board (see, Matter of Maguire [Ross], 54 NY2d 965). In Valvo and Barber, it was held that certification of no employment where, in fact, some checkwriting had been done did not rise to the level of

misrepresentation of fact. However, the instant case is distinguishable. The checkwriting was not occasional, but was consistent and routine. Further, it was not done once, but over all three "closed" periods. There is substantial evidence to support the Board's conclusions that willful false statements were made to obtain benefits, and that the benefits were recoverable.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.