In the Matter of ENELRA CAB CORPORATION, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 1986, which assessed the employer for additional contributions for the period from January 1, 1980 through September 30, 1982.

Enelra Cab Corporation (hereinafter the employer), doing business in New York City, owns two medallion taxicabs. After receiving a delinquency assignment concerning the employer, an auditor conducted an investigation in the course of which he visited the premises of the employer's accountant, where the employer's books and records were exclusively maintained. The only records the accountant furnished the auditor were two forms, Social Security Form 941 (Employer's Quarterly Federal Tax Return) and IA-5 (Employer's Report of State Contributions); no original records of the employer's business were provided. Because the information made available by the accountant was not substantiated in any way, the auditor was unable to perform an actual audit. As a consequence, an assessment of tax contributions due *for the period*

was made on the assumption orally confirmed, but later denied, by Klebert Pierre, owner of the employer, that since New York City taxi and limousine regulations required a medallion cab to be in service at least 16 hours per day, two drivers working eight-hour shifts were employed by the employer for each cab. Unemployment insurance tax contributions were accordingly computed on the basis of four employees. The additional contributions found to be owing for the audit period involved were based on the maximum amount of salary taxable as would be paid the four drivers.

Following a hearing at which the auditor, Pierre and his accountant testified, the Administrative Law Judge found that the credible evidence supported the assessment; the Unemployment Insurance Appeal Board affirmed and the employer appealed.

Testimony developed at the hearing established that the employer failed to file the requisite quarterly reports of unemployment insurance contributions under its registration number 25-90232. However, after the audit but before the hearing, it was ascertained that for a portion of the audit period a different employer registration number (34-80458) had been assigned to the employer and that, under this latter number, reports for the third and fourth quarters of 1981 and the first, second and third quarters of 1982 were filed.

The employer contends that since the Commissioner of Labor maintains that these reports were inaccurate and insufficient in amount because there was no substantiation that the wages paid were only $1,000 per quarter, she was required by Labor Law § 571 to make a written demand upon the employer for corrected or sufficient reports, and having failed to do so, the entire proceedings were jurisdictionally defective and the assessment must be set aside. Of the various issues raised by the employer, this only requires comment.

Labor Law § 571, which is captioned "assessment of amount of contributions" provides: "If an employer fails to file a report for the purpose of determining the amount of his contributions due under this article, or if such report when filed is incorrect or insufficient and the employer fails to file a corrected or sufficient report within twenty days after the commissioner requires the same by written notice, the commissioner shall determine the amount of contribution due from such employer on the basis of such information as he may be able to obtain and he shall give written notice of such determination to the employer. Such determination shall finally and irrevocably fix the amount of contribution, unless

the commissioner of his own motion shall reduce the amount thereof, subject, however, to the right to a hearing as hereinafter provided." This section authorized the Commissioner to determine the amount of contributions due when either no reports are filed or when incorrect or insufficient reports are filed. The 20-day notice provision, which the employer claims should have been but was not complied with by the Commissioner in the instant case, only speaks in terms of a corrected or insufficient report; it does not apply where, as here, no reports had been filed under the 25-90232 employer registration number. Had the Legislature intended the notice provision to extend to nonfiled reports it would have so stated. Since it did not, implying such an application would be injudicious (see, 1942 Opns Atty Gen 249 [construing Labor Law § 523, the predecessor to Labor Law § 571]).

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.