■ In the Matter of the Claim of GARY C. MCKEEVER, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 16, 1991, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant admitted that he visited the delicatessen owned by his wife two or three times a day during the period that he was receiving unemployment insurance benefits and that when things got busy, he would "jump in" and help out by waiting on customers, signing for deliveries and taking money for purchases. The record also reveals that claimant had the authority to and did in fact sign checks for the business and, further, stood to gain financially, albeit indirectly, through his wife's interest in the business. Under these circumstances, the conclusion by the Unemployment Insurance Appeal Board that claimant's activities were significant and substantial, rendering him not totally unemployed during the entire period at issue, is supported by substantial evidence and must be upheld *(see, Matter of Gonyo [Roberts]*, 124 AD2d 884). The Board also properly ruled that the overpayment in benefits was recoverable *(see, Matter of Barber [Roberts]*, 121 AD2d 767). Furthermore, there is substantial evidence in the record to support the conclusion that claimant made willful false statements for the purpose of obtaining benefits *(see, Matter of O'Leary [Roberts]*, 93 AD2d 915). Claimant's contrary contentions in this regard raised questions of fact which were for the Board to resolve *(see, Matter of Muller [Levine]*, 50 AD2d 1005, *lv denied* 40 NY2d 806).

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.