■ In the Matter of the Claim of JANICE LANG, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 1991, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant was the secretary for the corporation of which her husband was president and majority stockholder. Their home telephone was the business phone. Claimant and her husband signed a lease for a new cosmetics store to be operated by the corporation. Claimant obtained business cards and signed a certificate of adoption authorizing the corporation to purchase the inventory and goodwill of another cosmetics company. Claimant wrote the corporation's business checks and did the bookkeeping. Once the store opened, claimant testified that she performed a management function at the store. Based on the record before us, there is substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that claimant's activities constituted employment and that she therefore was not totally unemployed (see, Matter of Gonyo [Roberts], 124 AD2d 884; Matter of Muller [Levine], 50 AD2d 1005, lv denied 40 NY2d 806).

In addition, on her application form for benefits claimant answered in the negative when asked whether she was engaged in a business that could bring in income and whether she was an officer of a corporation. On her weekly certifications she also stated that she had done no work in employment or self-employment. Claimant's reasons for failing to disclose her activities and status are irrelevant (see, Matter of Petty [Roberts], 90 AD2d 604) insofar as it was her responsibility to disclose all the pertinent facts which might affect her right to receive benefits (see, Matter of O'Leary [Roberts], 93 AD2d 915). Thus, the Board's conclusion that claimant made willful false statements is also supported by substantial evi-

dence *(see, Matter of Lewis [Roberts],* 95 AD2d 917). Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.