■ In the Matter of the Claim of LYDIA H. KOPELS, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [598 NYS2d 125] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 12, 1991, which, *inter alia,* ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a home health care aide. According to the testimony of the employer's representatives, on claimant's last day of work she had a disagreement with the daughter of one of her clients as to what the client should wear. The daughter told claimant that if she did not like her instructions claimant could leave. Claimant then stated "Fine. I'll quit and apply for unemployment." Claimant refused when the employer offered her another assignment, stating again that she wished to apply for unemployment insurance benefits. Under these circumstances, the conclusion by the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits because she voluntarily left her job without good cause is supported by substantial evidence and must therefore be upheld *(see, Matter of Jolly [Levine],* 52 AD2d 706; *Matter of Rubinstein [Catherwood],* 33 AD2d 950). Although claimant contended that she was discharged, this merely presented a question of credibility for the Board to resolve *(see, Matter of Baker [Hartnett],* 147 AD2d 790, *appeal dismissed* 74 NY2d 714). Finally, the overpayments claimant received were properly deemed recoverable pursuant to Labor Law § 597 (4) *(see, Matter of Barber [Roberts],* 121 AD2d 767).

Yesawich Jr., J. P., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.