■ In the Matter of the Claim of MICHELLE A. FEATHERLY, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [604 NYS2d 297] —Mahoney, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 27, 1992, which ruled that claimant willfully made false statements to obtain benefits.

It is undisputed that while claimant was receiving unemployment insurance benefits she started her own interior design business, performed services for at least three clients and received payment in return. Despite these activities, she certified that she was neither employed nor self-employed and,

except for declaring one day of work for each of two days when she actually received payment for her interior design services, indicated that she had not engaged in any income-producing activity.

Essentially, claimant contends that the nature of her business is akin to sporadic, nonincome-producing activities undertaken by benefit recipients which this Court has held to be so minor that the beneficiary's continuing to certify total unemployment is not in actuality a misrepresentation and will not support a finding of willfulness (see, e.g., Matter of Barber [Roberts], 121 AD2d 767; Matter of Wilson [Roberts], 102 AD2d 556; Matter of Smalt [Ross], 82 AD2d 958; Matter of Czarniak [Ross], 60 AD2d 745). We cannot agree. Apart from the fact that we have repeatedly held it to be reasonable for the Unemployment Insurance Appeal Board to infer willful misrepresentation when a claimant fails to disclose his or her ownership or significant involvement in a business (see, Matter of Brenenstuhl [Hartnett], 173 AD2d 993; Matter of Shaffer [Roberts], 96 AD2d 621; Matter of Muller [Levine], 50 AD2d 1005, lv denied 40 NY2d 806; Matter of Shapiro [Levine], 49 AD2d 780), claimant's activities here hardly can be classified as sporadic or gratuitous. Moreover, her argument that the self-employment did not constitute "work" defies logic. The record is clear that claimant devoted considerable time and effort to establish her own company. She entered into a profit-sharing agreement with her former employer and actively performed services for clients. Indeed, the interior design services she performed in her business were similar to those she performed in her prior employment (cf., Matter of Barber [Roberts], supra). Quite simply, against this backdrop it cannot be said that the Board's determination is unsupported by substantial evidence.

Crew III, J. P., Cardona, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.