Matter of Ciotoli (Commissioner of Labor) (2021 NY Slip Op 06401)





Matter of Ciotoli (Commissioner of Labor)


2021 NY Slip Op 06401


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

529541
[*1]In the Matter of Camille P. Ciotoli, Doing Business as Baked by Camille, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Camille P. Ciotoli, Endicott, appellant pro se.
Letitia James, Attorney General, New York City (Steve Koton of counsel), for respondent.



Clark, J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed July 2, 2019, which, among other things, assessed Camille P. Ciotoli for additional unemployment insurance contributions, and (2) from a decision of said Board, filed October 7, 2019, which denied Camille P. Ciotoli's application for reopening and reconsideration.
Since 1991, Camille P. Ciotoli (hereinafter the owner), doing business as Baked by Camille, owns and operates a bakery that is open Monday through Friday from 9:00 a.m. until 4:00 p.m. and Saturday from 9:00 a.m. to 1:00 p.m. serving pastries, cakes, coffee, breakfast sandwiches and canned soda. After receiving an anonymous tip, the Department of Labor conducted an audit to determine whether the owner, beginning the fourth calendar quarter of 2012 and ending the first calendar quarter of 2015, accurately reported the number of employees on the bakery's payroll and paid unemployment insurance premiums — a time period that the owner denied having any employees. Based upon the auditor's site visits to the bakery, interviews with the owner, the hours of operation and the absence of any business records regarding wages paid to employees, the auditor concluded that, during the relevant time period, the owner's daughter and certain other family and friends were employed at the bakery and, based upon minimum wage, calculated an additional unemployment insurance contribution owed by the owner of $1,968.41.[FN1]
Following a hearing, an Administrative Law Judge, crediting the auditor's report, found that the owner was liable for additional unemployment insurance contributions based upon remuneration paid to persons found to be employees. The Unemployment Insurance Appeal Board, by decision filed July 2, 2019, affirmed that decision. The owner's subsequent application for reopening and reconsideration was denied by the Board in a decision filed October 7, 2019. The owner appeals from the Board's decisions.[FN2]
Contrary to the owner's contention, substantial evidence supports the Board's finding that family and friends were employed at the bakery during the period in question. Although denying that they were employees during the audit period, the owner admitted to the auditor that she receives help at the bakery from family and friends, particularly during the Christmas holiday season, and that, without such help, she would have needed to close the bakery, at least temporarily. Specifically, the owner testified that her daughter worked at the bakery two to three days a week for a few hours since 2013, assisted with deliveries and provided coverage at the bakery when emergencies required the owner to leave. The owner also admitted that other family and friends would help a few days each year during the Christmas holiday season, although she denied that they were paid. The owner also posted on Facebook in December her appreciation for the help provided at the bakery by four of her family and friends in filling the holiday [*2]orders. Notably, the owner has since hired her daughter and friend as employees.
In addition, the record reflects that the owner carried workers' compensation and disability insurance during the audit period. Furthermore, the owner reported on her tax returns that she paid wages for the period in question. Notwithstanding the owner's explanation that she was erroneously advised that she needed workers' compensation insurance and that the wages reported on her tax returns were actually personal draws that she took from the bakery, as well as other information in the record that could support a contrary conclusion, this presented a credibility issue for the Board to resolve (see generally Matter of Di Maria v Ross, 52 NY2d 771, 772 [1980]). Deferring to the credibility determinations made by the Board and the inferences drawn from the evidence presented, substantial evidence supports the Board's decision that the owner employed family and friends at the bakery (see id. at 772-773).[FN3]
To the extent that the owner challenges the assessment of the amount of contributions, we note that Labor Law § 571 provides that, "[i]f an employer fails to file a quarterly combined withholding, wage reporting and unemployment insurance return as required . . . for the purpose of determining the amount of contributions due or for the purpose of determining contribution rates under this article, . . . the [C]ommissioner [of Labor] shall determine the amount of contribution due from such employer and the amount of wages paid by such employer on the basis of such information as may be available." As the owner did not file any such return, the Commissioner was authorized to determine the amount of contributions due (see Matter of Wapnick [Hartnett], 167 AD2d 622, 622 [1990], appeal dismissed 77 NY2d 939 [1991]; Matter of Enelra Cab Corp. [Roberts], 132 AD2d 864, 866 [1987]). Inasmuch as the assessment of the amount of contributions was based upon minimum wage rates and the information available to the auditor, including the hours the bakery was open, the amount of wages paid as reflected in the owner's tax returns, the fact that the bakery is a cash business and the owner's admission that she received help during the Christmas holiday season, we find no reason to disturb the Board's assessment of the contribution owed.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Unemployment insurance contribution estimates for the owner's daughter were calculated only for 2014 and the first quarter of 2015 as she was under 21 years old prior to that and, therefore, any remuneration the daughter received was not subject to unemployment insurance contributions (see Labor Law § 511 [7]). Estimates for the additional unemployment insurance contributions for the remaining employees were calculated as full-time employees for the months of November and December from 2012, 2013 and 2014 only.

Footnote 2: Although the owner appealed from the Board's decision denying her request for reopening and reconsideration, she raises no arguments in her brief and, therefore, has abandoned any claims with respect thereto (see Matter of Stack [City of Glens Falls-Commissioner of Labor], 165 AD3d 1362, 1363 n [2018]).

Footnote 3: We note that the term "employment" has a specific meaning under Labor Law § 511, which does not necessarily comport with the common understanding of the term (see generally Matter of Valvo [Ross], 57 NY2d 116, 126 [1982]; Matter of Wilson [Roberts], 102 AD2d 556, 557 [1984]).