■ In the Matter of TRI-CITIES NURSES REGISTRY, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal by the employer from a decision of the Unemployment Insurance Appeal Board, filed August 27, 1976, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner assessing the employer the sum of $591.55 as additional contributions due for the audit period from the second quarter of 1971 through the first quarter of 1974. Appellant's first contention that the Industrial Commissioner's appeal from the referee's decision was untimely in that he failed to give "written notice" to the "employer" within 20 days of the mailing of the referee's decision (Labor Law, § 621, subd 2), must be rejected. Subdivision 3 of section 620 of the Labor Law invests the board with continuing authority over referee's decisions regardless of appeal. Next, section 534 of the Labor Law empowers the board to modify or rescind decisions upon its own motion. Herein, the board, despite appellant's arguments that staff personnel rather than the board itself ordered the reopening, clearly had the authority to and, in fact, did reopen the case. However, appellant is correct in its position that the registered nurses and licensed practical nurses who utilized its answering service in obtaining employment in the area of their competence are independent contractors and not, as determined by the board, employees. The record clearly shows that a group of professional and licensed nurses joined together in an *ad hoc* group to better present themselves to the public as being available for nonhospital nursing duties. The board ignored the referee's findings, supported by substantial evidence, that the nurses were not paid by Tri-Cities Nurses Registry, Inc.; that the nurses shared fees paid weekly to Tri-Cities by the patients and that the nurses, as a group, determined who had rendered services and the sum to which they were entitled. Further, there was substantial evidence before the referee that no nursing services were performed on appellant's premises; that any one of the nurses's group could, and did, man the answering service maintained by appellant and either accept the call herself or refer it to another nurse; that appellant did not supervise or control either the availability of any member of the group or insist on any schedule or penalize any nurse who refused a job or in any manner control, direct or supervise the work of any member. Next, the reports that the nurses prepared daily were not related to the fact of employment but, rather, to the care, condition and treatment of their patients. The record is void of any substantial evidence that the relationship between appellant and the nurses, individually or collectively, was that of employer-employee within the meaning of section 511 of the Labor Law. To the contrary, the record substantially proves that the nurses were independent contractors. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.