■ In the Matter of the Claim of JOHN J. DUFFY, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 23, 1979, which reversed the decision of an Administrative Law Judge and, as modified, sustained an initial determination of the Industrial Commissioner holding claimant to be ineligible to receive benefits because he was not totally unemployed; charged him with an overpayment of benefits ruled to be recoverable; and held he had willfully made false statements to obtain benefits by reason of which a forfeiture of effective days was imposed. Claimant frequently visited his former place of employment while receiving unemployment insurance benefits and, on occasion, assisted or replaced the proprietor for brief periods of time. Based on his own statements concerning these activities, the board was amply justified in concluding that claimant was ineligible because he was not totally unemployed. It also ruled that all payments were recoverable and imposed a forfeiture of effective days on the additional finding that he had made willful false statements to obtain such benefits (Labor Law, § 594). Specifically, the board determined claimant "presented his calendar insert falsely marked to show he had done no work" when he knew he had "performed services for the employer on three days in each week during the period from January 29 through June 3, 1979". In our opinion, this portion of the decision lacks substantial evidentiary support. Although claimant was familiar with reporting requirements and marked his booklet in a manner indicating he had done no work, he maintained at the hearing that his efforts were undertaken without compensation as a favor to the proprietor who was a personal friend. As in *Matter of Czarniak (Ross)* (60 AD2d 745), this account does not appear to be implausible on its face and, even if rejected on the basis of credibility, the remaining proof does not suggest the existence of any willful misrepresentation. To the contrary, claimant and his former employer both testified that most of the time he spent on the premises was unrelated to the business and that those services he provided which did constitute work occurred infrequently. The record contains nothing tending to disprove their evidence or to establish that, in fact, claimant actually worked three days each week throughout the

disputed period. Decision modified, by annulling so much thereof as finds a willful misrepresentation to obtain benefits ruled to be recoverable and imposes a forfeiture of effective days, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Mikoll and Casey, JJ., concur; Main, J., not taking part.