## (June 11, 1981)

■ In the Matter of the Claim of BEVERLY SMALT, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 1981, which reopened, reconsidered and adhered to its prior decision filed June 4, 1979, reinstating determinations of the local office holding claimant ineligible to receive benefits because she was not totally unemployed, charging her with an overpayment of $5,700 in benefits ruled to be recoverable and finding that she willfully made false statements to obtain benefits by reason of which a forfeiture of 484 effective days was imposed. This appeal was previously before this court and our determination was withheld pending notificaton as to whether an application for reopening would be made to the board *(Matter of Smalt [Ross]*, 79 AD2d 793). Thereafter, claimant, by letter dated January 12, 1981, made a request to the board "that the appeal taken by the Commissioner from the decision of the Administrative Law Judge be reopened". This request was in effect an application to reopen the board's decision filed June 4, 1979. The board has continuing jurisdiction to reopen a case upon its own motion or upon application duly made to it *(Matter of Michelfelder [Ross]*, 79 AD2d 791). The board also has continuing authority over Referee decisions, regardless of appeal, pursuant to subdivision 3 of section 620 of the Labor Law. Consequently, we cannot say on the present record that the board improperly reopened and reconsidered its prior decision or that the board abused its discretion in reviewing the Referee's decision (see *Matter of Tri-Cities Nurses Registry [Ross]*, 56 AD2d 964). Turning to the merits, the record reveals that claimant was employed during the years in question by a corporation as a manager of the ski sportswear department which involved the buying and selling of ski sportswear only during certain months of the year. During the slack seasons claimant received unemployment insurance benefits. Claimant's husband was the president and sole shareholder of the corporation. In a statement signed by claimant on October 25, 1977 claimant stated "I would go into the store while I was on lay off status. I would go in an average of 4 or 5

days per week and stay anywhere from five minutes to two hours. At times I would take care of customers. I never received any money for this." The record also reveals that claimant signed a substantial number of checks on behalf of the corporation during the periods she was receiving benefits. In our view, there is substantial evidence to support the board's determination that claimant was ineligible to receive benefits during the period in issue on the ground that she was not totally unemployed (see *Matter of Duffy [Ross]*, 78 AD2d 735). The board also found that claimant's weekly certifications that she did not work in employment or self-employment were false statements, willfully made to obtain benefits. Consequently, all payments made to claimant were ruled recoverable and a forfeiture of effective days was imposed. We are of the opinion that there is insufficient evidence to support the board's determination on the issue of willful misrepresentations. Claimant testified that she and her husband had no children and lived in a remote area and that she went to the store for social reasons such as to visit friends, to see her husband or to shower after playing tennis in town. She also testified that she assisted a small percentage of customers but received no income from the corporation while receiving benefits. There has been no showing here of activities on the part of claimant so concerted or time consuming as to generate awareness that her certifications of lack of employment were false, and even if her account of her activities was rejected on the basis of credibility, we find insufficient proof of willful misrepresentation (see *Matter of Czarniak [Ross]*, 60 AD2d 745). Accordingly, the decision should be modified concerning the resolution of the issue of willful misrepresentation (see *Matter of Duffy [Ross]*, 78 AD2d 735, *supra*). Decision modified, by annulling so much thereof as adheres to that part of the decision filed June 4, 1979, as finds a willful misrepresentation to obtain benefits ruled to be recoverable and imposes a forfeiture of effective days, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney and Casey, JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). The board found: "Claimant's involvement with the corporation in the off season was more than occasional and haphazard. She signed checks on behalf of the corporation and visited the establishment four to five times a week, remaining for periods of up to two hours in order to service customers. Her services were substantial. Claimant knew or should have known that the substantial activities she performed on behalf of the corporation constituted work." Additionally, claimant's husband is the employer and the business is located in a building owned jointly by claimant and her husband. It seems apparent that the above facts constitute substantial evidence supporting the board's dispositive determination: "Her weekly certifications that she did not work in employment or self-employment were false statements, wilfully *[sic]* made to obtain benefits." The decision should be affirmed.