*119
 
 OPINION OF THE COURT
 

 Wachtler, J.
 

 In these three cases recipients of unemployment insurance failed to report that they had performed occasional services of a business nature for friends or family members during periods of claimed unemployment. The agency found that these services constituted employment, that claimants had therefore made false statements of unemployment and that the statements were wilfully made. In each case a penalty was imposed and the claimants were also directed to repay the benefits received.
 

 On three separate appeals the Appellate Division, Third Department, modified by annulling the penalty and repayment provisions after concluding that proof of the element of wilfulness was lacking. The Appellate Division also rejected the agency’s contention that a portion of the benefits are recoverable pursuant to subdivision 4 of section 597 of the Labor Law on the theory that claimant had made a false statement unintentionally. The agency appeals on the basis of the modifications.
 
 [1]
 

 VALVO CASE
 

 Claimant, Grace Valvo, is employed by Tambe Oil, which delivers heating oil to homes and a few businesses during the winter months. From late spring to early fall it is dormant. The corporation is owned and operated by Anthony Tambe, the father-in-law of one of the claimant’s close friends. Mr. Tambe was formerly employed as a truck driver. He went into business for himself in September, 1976. The business presently consists of a truck and a garage with a small office in the garage. The owner personally delivers the oil, and in the beginning also attended to the clerical matters. However, he had so much difficulty balancing his checking account that his credit rating was soon impaired and he was on the verge of going out of business. When he mentioned this to his daughter in claimant’s presence, claimant volunteered to help. From October, 1976 to November, 1977 claimant wrote his checks and balanced the checkbook as a favor, without compensation. During this period she was receiving unemployment benefits.
 

 
 *120
 
 In November, 1977 Mr. Tambe hired claimant as a secretary to write checks, send out the bills, record all financial transactions and answer the phone at the office. In this capacity she worked 40 hours a week at the office. During the summer months in 1978 and 1979 she was officially laid off and collected unemployment benefits. However, if a bill had to be paid for monthly utilities or outstanding loans Mr. Tambe would call claimant and ask her to write a check. He would then pick it up at her home, sign it and mail it. Claimant received no compensation for these services.
 

 In June, 1980 the agency informed claimant that her uncompensated check-writing activities constituted employment under the Labor Law,
 
 [2]
 
 that she had therefore made false statements when she claimed to be unemployed during the off-season, and also during the period she wrote the company’s checks on a volunteer basis before she was hired in November, 1977. It further concluded that the statement had been wilfully made and that claimant should therefore be penalized by forfeiting 664 days of future eligibility and must also repay all benefits received in the amount of $6,019.
 

 Claimant requested a hearing which was held in July, 1980. After the hearing the administrative law judge concluded that the initial determination assessing a penalty and requiring repayment of benefits should be set aside primarily because there was no evidence of fraud or wilful misrepresentation on claimant’s part. He stated: “While claimant did perform check writing functions for this employer during the period prior to the time when she went on the payroll in November of 1977 and also during the off season of 1978, claimant could reasonably have believed that there was no employer employee relationship since she was not reporting to the employer’s establishment during the periods when she was writing such checks and she was performing no other services. This is especially the case in the period prior to her going on the
 
 *121
 
 payroll in November of 1977. With respect to the off season of 1978, claimant’s activities were so substantially different from her regular work assignments that even here she could reasonably have believed that she was not performing as an employee * * * In addition, she was clearly not self employed and since the amount of time required to write the checks was minimal the activity of writing the checks as such did not establish a lack of total unemployment.”
 

 The appeal board reversed the decision of the administrative law judge and reinstated the initial determination. The board summarily concluded that claimant’s weekly certifications of unemployment “were false and known by her to be false when made” and therefore constituted wilful misrepresentations. The board also found that claimant’s statements were false in fact because “claimant performed substantial services for her employer of a similar nature to those she performed when concededly in employment”.
 

 Claimant appealed to the Appellate Division to have the board’s determination set aside. In support of its determination the agency claimed that there was substantial evidence of wilfulness and that it was therefore authorized to impose the penalty and require repayment pursuant to section 594 of the Labor Law.
 
 [3]
 
 In the alternative the agency urged that pursuant to subdivisions 3 and 4 of section 597 of the Labor Law, it could recover a portion of the benefits (i.e., those paid during the year preceding discovery of the overpayment) whenever the claimant has made a false statement of unemployment even unintentionally.
 
 [4]
 

 
 *122
 
 The Appellate Division unanimously modified by reversing that portion of the determination which imposed the penalty and ordered repayment of benefits. The court accepted the board’s determination that claimant’s check-writing activities constituted employment but found nothing in the record to support the board’s determination of wilfulness. With respect to the board’s right to recover a portion of the benefits pursuant to subdivisions 3 and 4 of section 597 of the Labor Law on the theory that she had made a false statement the court held that “the term ‘false statement’ in the statute refers to a false
 
 factual
 
 statement” and not to an erroneous conclusion of law. (83 AD2d, at p 346.) In this case the court found that “the requirement that claimant weekly ‘report and certify as to his unemployment’ (12 NYCRR 473.2 [a]) obligated claimant to draw a legal conclusion — whether her uncompensated check-writing activities constituted employment within the meaning of the Labor Law — rather than provide factual data”. (83 AD2d, at p 347.) The court distinguished our recent decision in
 
 Matter of Maguire (Ross)
 
 (54 NY2d 965) on the ground that the petitioner’s activities in that case obviously constituted employment.
 

 LOLL CASE
 

 In March, 1978 claimant, Debra Loll, was laid off from her job as a clerk cashier at Stop
 
 &
 
 Go in Elmira. She was rehired in September of that year. In the interim she collected unemployment benefits. At an unemployment interview on July 7,1978 she had stated that she occasionally helped out at her father’s drugstore, but received no compensation for these services. Toward the end of the month the agency sent her a letter warning her that any services performed for her father at his store would constitute employment even if she did not receive any compensation. On August 8, the manager of the unemployment
 
 *123
 
 office who was a regular customer at the drugstore saw the claimant behind the counter.
 

 In October the agency made an initial determination that petitioner was ineligible to receive benefits for two days out of each week during the period of claimed unemployment, representing the days she helped her family at the drugstore. Her weekly certifications of unemployment were characterized as false and wilful misrepresentations. As a result claimant was penalized 96 effective days and was directed to repay $564 representing the benefits she received on the days she was employed at her father’s drugstore.
 

 Claimant demanded a hearing which was held in February of 1979. At the hearing she testified that she went to her father’s store nearly every day during the period she claimed unemployment, so that she could borrow his car or have a family member babysit for her three-year-old son while she looked for a job. On occasion she would take care of a customer or deliver a prescription if her father or brother were busy or wanted to take a break. She usually only helped out for a few minutes one or two days a week during the evening or on a Saturday and on rare occasions worked for a few hours. These activities ceased after being warned of the consequences in July. However, she continued her daytime visits and during one of them might have assisted her family at the store for a few minutes because she had done so automatically throughout her life. She received no compensation for the help she provided at the store.
 

 At the conclusion of the hearing the administrative law judge held that claimant’s activities at her father’s store constituted employment. He also stated that “the record is clear that the claimant was not candid with the local office and did not advise them of her activities”. Thus he sustained the initial determinations. The appeal board affirmed adopting both the findings of fact and opinion of the administrative law judge.
 

 The case was heard by the Appellate Division in November, 1980, a year before its decision in the
 
 Volvo
 
 case. In a brief memorandum the court held that the record sup
 
 *124
 
 ported the board’s finding that claimant had made false statements but not its finding of wilfulness. The court modified by reversing so much of the agency’s determination as assessed a penalty of 96 effective days.
 

 At the time of its decision in
 
 Valuó
 
 the Appellate Division .granted reargument in this case. In another brief memorandum, relying upon
 
 Valuó,
 
 the court further modified by reversing so much of the agency’s determination as directed claimant to repay benefits received. .
 

 POLVINO CASE
 

 From 1974 to 1977 claimant Josephine Polvino was intermittently employed by a small construction company owned and operated by her two sons, one of whom resides at home with his parents. The company does general construction work but specializes in paving driveways in the summer and removing snow in the winter. The company’s office is located in a trailer on property where the equipment is stored. However, company business is frequently conducted at claimant’s residence.
 

 Claimant performed clerical duties at the office of a general and unskilled nature including answering phones, writing checks and keeping some company records. She was laid off and collected unemployment benefits on several occasions: March 4 to July 14, 1974; December 23, 1974 to June 13,1976, and August 8,1977 to May 14,1978. According to claimant and her sons this was due to a lack of work. However during these periods she continued on occasion to answer phone calls from customers, write checks and keep some company records at her residence without compensation.
 

 In March of 1979 the agency sent claimant a notice of initial determination stating that she had been found to be ineligible for unemployment benefits during the periods of claimed unemployment listed above because she had continued to perform “services for Polvino Construction Corporation”. She was directed to make repayment in the amount of $8,834. The agency also imposed a penalty of 208 effective days for wilful misrepresentation “because you failed to divulge your association and activities for Polvino Construction Company”.
 

 
 *125
 
 Claimant demanded a hearing at the conclusion of which the administrative law judge sustained the initial determination. He noted that claimant had been employed by her sons’ company where the services she performed were somewhat vague. He stated: “In a situation where a claimant is employed by a closely held corporation whose principal officers and shareholders are related to her, the closest scrutiny must be given to a claim for benefits. In the instant case the pattern of her claims over several years makes it appear obvious that the employer controlled her periods of employment. Because of the control exercised over the periods of her employment, the undersigned cannot accept claimant’s eligibility for benefits during these several periods when, by her own admission, claimant performed some services for the corporation.”
 

 That decision was in turn affirmed by the appeal board which adopted the findings of fact and opinion of the administrative law judge.
 

 The Appellate Division modified the agency’s determination by reversing the penalty and repayment provisions. In its memorandum the court held that there was substantial evidence to support the board’s determination that petitioner was unavailable for employment. The court also found no “reason for disturbing the board’s determination that claimant was not totally unemployed”. The court then stated: “We are of the opinion, however, that there is insufficient evidence to support the board’s determination on the issue of wilfull misrepresentation. Claimant’s activities did not obviously constitute employment as the situation was found to be in
 
 Matter of Maguire (Ross)
 
 (54 NY2d 965,
 
 supra).
 
 Although claimant may be found to have been employed in the technical sense of the Labor Law, there is no evidence of wilfulness in her certifications to total unemployment on her weekly reports. Consequently, the imposition of a forfeiture of effective days and the recovery of overpayments pursuant to section 594 of the Labor Law are not warranted in the present case (see
 
 Matter of Valvo
 
 [Ross],
 
 supra; Matter of Smalt
 
 [Ross], 82 AD2d 958). In addition, under the circumstances presented herein, there may be no recovery of a portion of the benefits pursuant to
 
 *126
 
 subdivision 4 of section 597 of the Labor Law (see
 
 Matter of Valvo
 
 [Ross],
 
 supra).”
 
 (85 AD2d, at p 807.)
 

 The order of the Appellate Division should be affirmed in the first case (Valvo) and reversed in the other two (Loll and Pol vino).
 

 Initially we note that at this stage no one challenges the agency’s determination that the petitioners’ activities technically constitute employment within the meaning of the statute. The appeals are limited to the following issues: (1) did the petitioners make false statements when they stated that they were unemployed and (2) did they act wilfully. In addition the agency concedes that in order to sustain a finding of wilfulness the evidence must show that the petitioners knew that their actions constituted employment.
 

 The problem is that the agency’s interpretation of the statute defining employment (Labor Law, § 522) although rational, does not reflect the common understanding of employment. As a result laymen, particularly unskilled laymen who undoubtedly represent the majority of claimants for unemployment benefits, may not realize that occasionally helping a friend or relative may constitute employment even though they are not paid for it. The agency claims that its information booklet provides a kind of constructive notice when it states: “You are considered employed on any day when you work — even an hour or less — in self-employment, on a free lance basis, or for someone else. It makes no difference whether * * * you get paid for that day”. The agency, however, has omitted the next sentence which states: “For example, work on a straight commission basis is employment even though you may not receive the commission until some time later or make no sale at all”. This gloss leaves the impression that the term employment includes activities that are generally perceived as employment regardless of the technicalities.
 

 The agency is on firmer ground when it relies on the facts of the particular cases. In the Polvino case, for instance, where the claimant worked for her sons, the evidence shows that she performed essentially the same limited services while allegedly unemployed as she did while
 
 *127
 
 allegedly employed. The only significant difference is that she received unemployment benefits instead of wages. In addition, as the agency notes, her periods of unemployment were never satisfactorily explained. It was appropriate for the agency to closely scrutinize this situation as it did, because of the possibility that the periods of employment and unemployment were manipulated in order to claim unemployment benefits. Under the circumstances the agency could conclude that if she understood that the services she performed for her sons constituted employment when she was on their payroll, she also realized that they constituted employment when she was technically laid off.
 

 The Loll case presents a more sympathetic situation but nevertheless there is substantial evidence to sustain the agency’s finding that she acted wilfully. The evidence shows that she was warned that her services at her father’s drugstore constituted employment. When, despite this warning, she was later observed behind the counter, the agency could reasonably infer that her activities throughout the period were not the result of ignorance of the law. Notably in this case she was not required to repay all benefits received but only those relating to the days on which she was actually working at the store.
 

 In the Valvo case, on the other hand, there is nothing in the record from which it can be reasonably inferred that she realized that her writing of a few monthly checks during a long period of seasonal unemployment would constitute employment disqualifying her from all benefits throughout the entire period. Although she worked for the father-in-law of a close friend, there is no suggestion that her employment was not legitimate and the obvious seasonal nature of the business and genuine lack of work during the period of claimed unemployment is undisputed. Thus the agency’s finding of wilfulness was arbitrary.
 

 With respect to the agency’s alternative argument that claimant Valvo should be required to repay a portion of the benefits for making a false statement within the meaning of subdivision 4 of section 597 of the Labor Law, the Appellate Division correctly held that the statute only applies to false statements of fact and that petitioner’s
 
 *128
 
 certification of unemployment represented an error of law. This does not mean, as the agency suggests, that wilful misrepresentation is now required under this section and section 594 thus rendering one of the sections meaningless. It should be clear from the Appellate Division’s decision that section 597 permits recovery of benefits received within the past year when the claimant has made a false statement of fact even though unintended. However, when claimant has in good faith received benefits to which he or she was not entitled because of a mistake of law on the part of the claimant or the agency, none of the benefits may be recovered. This interpretation is required by the wording of the statute, and supported by its legislative history, which shows that it was designed to provide relief to claimants when an overpayment or erroneous payment of benefits resulted from an honest mistake, and to preclude all recovery when the claimant was not in any way responsible for the error (see, e.g., Industrial Comm Memorandum of April 9, 1942 on Assembly Int No. 1804, Print No. 2455).
 

 Accordingly, the order of the Appellate Division should be affirmed in Matter of Valvo, and reversed in Matter of Loll and Matter of Pol vino. In the latter two cases the determination of the appeal board should be reinstated.
 

 Chief Judge Cooke and Judges Jasen, Jones, Fuchs-berg and Meyer concur; Judge Gabrielli taking no part.
 

 In
 
 Matter of Valvo:
 
 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs.
 

 In
 
 Matter of Loll
 
 and
 
 Matter of Polvino:
 
 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), orders reversed, without costs, and decisions of the Unemployment Insurance Appeal Board reinstated.
 

 [2]
 

 . Section 522 of the Labor Law states: “ ‘Total unemployment’ means the total lack of any employment on any day. The term ‘employment’ as used in this section means any employment including that not defined in this title.”
 

 [3]
 

 . The relevant portion of section 594 of the Labor Law states: “A claimant who has wilfully made a false statement or representation to obtain any benefit * * * shall forfeit benefits for at least the first four but not more than the first eighty effective days following discovery of such offense for which he otherwise would have been entitled to receive benefits. Such penalty shall apply only once with respect to each such offense ® * * A claimant shall refund all moneys received because of such false statement or representation made by him.”
 

 [4]
 

 . The relevant portions of section 597 of the Labor Law state:
 

 “3. Limitation on review of determinations. Any determination regarding a benefit claim may. in the absence of fraud or wilful misrepresentation, be reviewed only within one year from the date it is issued because of new or corrected information * *
 

 
 *122
 
 “4. Effect of review. Whenever a new determination in accordance with the preceding subdivision or a decision by a referee, the appeal board, or a court results in a decrease or denial of benefits previously allowed, such new determination or decision * * * shall not affect the rights to any benefits already paid * * * provided they were accepted by the claimant in good faith and the claimant did not make any false statement or representation and did not wilfully conceal any pertinent fact in connection with his claim for benefits.”