■ In the Matter of the Claim of DAVID FLORES, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 24, 1983, which held, *inter alia,* that $3,250 in benefits paid to claimant was not a recoverable overpayment. ¶ Claimant was employed as a bus operator with the Manhattan and Bronx Surface Transit Operating Authority (MaBSTOA) for about 14 years before his employment was terminated on August 25, 1981. On August 12, 1981, the bus claimant was operating was involved in an accident that was not caused by claimant's fault. After a hospital examination and a medical exam by MaBSTOA's staff, he was certified as fit for return to work. MaBSTOA also obtained a urine sample from him at that time and submitted

it for lab analysis. Thereafter, on August 25, 1981, claimant was informed that cocaine was found in his urine sample and he was therefore dismissed. ¶ The Commissioner of Labor initially determined that claimant was ineligible for benefits because he had committed misconduct in connection with his employment. The administrative law judge overruled the Commissioner's determination, finding that "claimant's sworn, credible and uncontradicted testimony to the effect that he had not been using drugs must prevail over the employer's hearsay evidence to the contrary". On May 26, 1982, the board reversed the administrative law judge's determination and sustained the Commissioner's initial ruling, finding claimant ineligible for benefits. The Board held that, "This finding by the laboratory is conclusive evidence that the claimant had cocaine in his system and that he had used such drugs prior to, or shortly after, having gone on duty on August 12, 1981." No appeal was taken from this decision. Thereafter, the Commissioner issued a determination that the $3,250 paid claimant in benefits constituted an overpayment and was recoverable because claimant had made a false statement in connection with his claim when he swore at the hearing before the administrative law judge that he had not used cocaine (see Labor Law, § 597, subd 4).[*] A different administrative law judge overturned the Commissioner's determination that the $3,250 was recoverable. The board upheld this ruling of the administrative law judge. This appeal by the Commissioner ensued. ¶ The Commissioner contends that claimant is foreclosed from relitigating the question of whether he made a false statement about using cocaine on grounds of *res judicata,* and that this factually false statement entitled the Commissioner to recover moneys paid to claimant. ¶ The determination of the board finding that the overpayment was not recoverable must be reversed and the initial decision of the Commissioner ruling that overpayment to be recoverable reinstated. Under subdivision 4 of section 597 of the Labor Law as it then existed, benefits received within the past year could be recovered when a claimant made a false statement of fact to obtain those benefits, even though the statement was not willfully made (see *Matter of Valvo [Ross],* 57 NY2d 116, 128). Since no appeal was taken from the May 26, 1982 decision of the board finding that claimant had consumed cocaine, that issue may not be relitigated anew in another proceeding by claimant (*Bernstein v Birch Wathen School,* 51 NY2d 932, affg 71 AD2d 129; see, also, *Matter of Ranni [Ross],* 58 NY2d 715). The board therefore erred as a matter of law in holding that claimant's contrary testimony was not factually false. ¶ Decision reversed, without costs, and the initial determination of the Commissioner of Labor finding the overpayment to be recoverable is reinstated. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

[*] Although subdivision 4 of section 597 of the Labor Law has recently been amended (L 1983, ch 415, § 9, eff Sept. 5, 1983), we are dealing in this case with the statute as it existed prior to the amendment in view of the Commissioner's interpretation that the 1983 amendment applies only to benefits paid after its September 5, 1983 effective date, a situation not present herein.