■ In the Matter of WHITE PLAINS CENTRAL SERVICE, INC., Petitioner, v THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of RJT MOTORIST SERVICES, INC., Petitioner, v THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 2.)—Proceedings pursuant to CPLR article 78 to review determinations of the Commissioner of Motor Vehicles, made after a hearing, which found the petitioner in proceeding No. 1, White Plains Central Service, Inc., to have violated 15 NYCRR 82.5 (b), (c) and (g) and which found the petitioner in proceeding No. 2, RJT Motorist Services, Inc., to have violated 15 NYCRR 82.5 (g), respectively, and imposed penalties thereon.

Adjudged that the petition of White Plains Central Service, Inc. is granted to the extent that the determination with respect to the finding that this petitioner violated 15 NYCRR 82.5 (b) and (c) is annulled, the penalties imposed on all of the charges against that petitioner are annulled, the determina-

tion is otherwise confirmed; proceeding No. 1 is otherwise dismissed, and the matter is remitted to the Commissioner of Motor Vehicles for the imposition of a new penalty with respect to the violation of 15 NYCRR 82.5 (g); and it is further,

Adjudged that the determination with regard to the petitioner RJT Motorist Services, Inc. is confirmed and proceeding No. 2 is dismissed on the merits; and it is further,

Ordered that the petitioner White Plains Central Service, Inc. is awarded one bill of costs.

The complainant Louis Valladares testified at the hearing that he took his car to the petitioner White Plains Central Service, Inc. (hereinafter Central) for repairs following an accident and picked it up from the petitioner RJT Motorist Services, Inc. (hereinafter RJT), a subcontractor of Central. After a few days, Valladares returned the car to Central complaining that it pulled to one side and vibrated. RJT later released the car to Valladares telling him that it was not roadworthy or safe to drive but that Valladares' insurer refused to pay any more than the original estimated cost of repair.

The president of RJT conceded that after his repair work was supposedly completed, "the frame rails on the car were dangerously bad * * * [and] the car was dangerous to drive". Central's owner testified that he measured the frame as repaired by RJT and found that the left and right rail measurements differed and that notwithstanding that condition, he failed to take the necessary corrective measures in accordance with his agreement to repair the car. Further, a Department of Motor Vehicles investigator and an insurance company senior field adjuster both testified that the frame was poorly repaired. Based on this evidence, both petitioners were found to have willfully violated 15 NYCRR 82.5 (g) for failing to provide quality repairs. We agree and find that there was substantial evidence to sustain this determination (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

In addition, Central was found to have "willfully violated" 15 NYCRR 82.5 (b) and (c) by failing to note on the invoice the customer's oral authorization to repair the vehicle and the odometer reading. In this regard, the evidence in the record fairly demonstrates only an inadvertent omission, and something more than inadvertence is required to find a willful violation (see, Matter of Levin v Gallman, 42 NY2d 32, 34).

Therefore, we find that there was not substantial evidence adduced that Central violated the two latter regulations *(see, Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228). Because the penalty imposed upon Central covered all three violations, the matter is remitted for reassessment of the penalty in light of this decision.

The assertion of RJT that the punishment was excessive in light of its prior unblemished record is unpersuasive. In reviewing the penalties imposed, the court must consider not only the actual harm caused by the misconduct but the deterrent effect of the penalty on others similarly situated *(Schaubman v Blum,* 49 NY2d 375). Under the circumstances of this case in which RJT knowingly released an unsafe vehicle to the customer, the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.