■ In the Matter of CERVINI CAR WASH, INC., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of the New York State Department of Motor Vehicles, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which, inter alia, suspended petitioner's repair shop registration for 15 days.

Petitioner operates a motor vehicle repair shop in Monroe

---

County. In 1987, a patron complained about work performed by petitioner in attempting to repair the patron's car. After investigation by the Department of Motor Vehicles (hereinafter Department), petitioner was charged with willfully violating 15 NYCRR 82.5 (c) by failing to specify the car's mileage on the invoice and 15 NYCRR 82.5 (g) by failing to provide quality repairs (see, Vehicle and Traffic Law § 398-e [1] [i]). Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the violations and recommended a 30-day suspension of petitioner's repair shop registration and a $450 civil penalty. Upon administrative appeal, the Repair Shop Review Board affirmed the ALJ's findings of violations but modified the penalty to a 15-day suspension and $450 civil penalty. Petitioner then commenced this CPLR article 78 proceeding to challenge these determinations.

Petitioner contends that any violations cannot be deemed to have occurred willfully as required by the statute making violations of respondent's regulations punishable (see, Vehicle and Traffic Law § 398-e [1] [i]). Upon reviewing the record, we agree. Although "willfully" is not defined in the statute or regulations, it requires more than inadvertence (see, Matter of White Plains Cent. Serv. v People, 149 AD2d 713, 714) and we have noted in other contexts that it requires actions performed " 'knowingly, intentionally or deliberately' " (Matter of Cam-Ful Indus. [Roberts], 128 AD2d 1006, quoting Matter of Valvo [Ross], 83 AD2d 344, 346, affd 57 NY2d 116). This standard comports with the general connotation associated with willful (see, Random House Dictionary of the English Language 2175 [unabridged 2d ed 1987]). In this case, the Department's investigator testified that there was no evidence of intentional damage to the patron's car by petitioner. On this record, we conclude that there is insufficient evidence to support the finding of willfulness in failing to provide quality repairs. Likewise, there is no evidence that petitioner's failure to specify the mileage on the invoice was anything but inadvertent. Under such circumstances, the determinations must be annulled.

Determinations annulled, with costs, and petition granted. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.