■ In the Matter of TMG SERVICES, INC., Doing Business as A-1 BALDWIN TRANSMISSIONS & ENGINE COMPANY, Appellant, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES, Respondent. [782 NYS2d 817]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State of New York Department of Motor Vehicles dated December 20, 2002, as, upon adopting the recommendation of the Repair Shop Review Board, affirmed stated portions of a determination of an administrative law judge, dated August 13, 2001, made after a hearing, which, inter alia, found that the petitioner violated Vehicle and Traffic Law § 398-d (1) and § 398-e (1) (g) and 15 NYCRR 82.5 (b) and (g) and imposed penalties.

Adjudged that the petition is granted to the extent that so much of the determination as affirmed the finding that the petitioner violated Vehicle and Traffic Law § 398-d (1) and 15 NYCRR 82.5 (g) is annulled and the penalties imposed on all the charges against the petitioner are vacated; as so modified, the determination is confirmed, with costs payable to the petitioner, the petition is otherwise denied, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for the imposition of a new penalty with respect to the violations of Vehicle and Traffic Law § 398-e (1) (g) and 15 NYCRR 82.5 (b).

At the hearing, the complainants, Tyrone Webb and Carmen Webb, testified that they brought their 1990 Dodge Dynasty (hereinafter the vehicle) to the petitioner's repair shop after seeing an advertisement for a $39.95 transmission tune-up. The complainants were experiencing a problem with the vehicle's engine. After taking the vehicle for a road test with one of the petitioner's employees, George Canni, Mr. Webb was asked to sign a partially-completed work order, which contained some basic information about the vehicle but left blank the space reserved for listing symptoms and instructions. Mr. Webb was not provided with a copy of the form before leaving the petitioner's repair shop.

Approximately one hour later, Canni called the complainants and informed them that the vehicle's transmission, which had been replaced just one year earlier, was "too big for [the] vehicle" and "shredded" in his hands. Canni also informed them

that the petitioner had performed approximately $700 worth of labor on the vehicle, for which it expected to be paid. Mrs. Webb instructed Canni to perform no additional work on the vehicle, except to "put it back together," and Mr. Webb went to the petitioner's shop, where he was handed a copy of the previously signed work order, now purportedly showing that he had authorized the petitioner to remove and overhaul the transmission. The following day, Canni informed the complainants that additional work had been done on the vehicle and that the total cost of repairs was $1,996. The complainants paid for the repairs and retrieved the vehicle the following day.

One or two days later, the complainants noticed that the original engine problem was not fixed. When they returned to the petitioner to complain, they were told that the problem was probably related to the fuel delivery system. Eventually, the complainants brought the vehicle to another repair shop, which diagnosed a leaking vacuum hose and successfully performed repairs for $ 141.56. The complainants also determined that the petitioner failed to replace one of several large transmission bolts.

After a hearing and an administrative appeal before the Repair Shop Review Board, the respondent, New York State Department of Motor Vehicles (hereinafter the DMV), determined that the petitioner engaged in a fraudulent or deceptive practice in violation of Vehicle and Traffic Law § 398-e (1) (g) (hereinafter charge 1), willfully performed unauthorized services in violation of 15 NYCRR 82.5 (b) (hereinafter charge 2), willfully failed to provide quality repairs in violation of 15 NYCRR 82.5 (g) (hereinafter charge 3), and failed to return replaced parts in violation of Vehicle and Traffic Law § 398-d (1) (hereinafter charge 6), and imposed penalties.

Contrary to the petitioner's contentions, the DMV's determination with respect to charges 1 and 2 is supported by substantial evidence (see Matter of DET Motorlab v Commissioner of N.Y. State Dept. of Motor Vehs., 229 AD2d 576 [1996]; Matter of Kel-Car Assoc. v Adduci, 176 AD2d 942 [1991]; Matter of Marcon, Inc. v Department of Motor Vehs., 171 AD2d 664 [1991]; Hauppauge Firestone v Adduci, 171 AD2d 645 [1991]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). While the complainants' testimony was controverted in part by Canni, the Administrative Law Judge acted within his discretion in disregarding Canni's testimony and crediting the complainants' version of events. "A reviewing court will not undertake the functions of weighing evidence and assessing credibility, as those matters are committed

to the administrative law judge" (*Matter of Clinton Ave. Constr. Corp. v Martinez*, 8 AD3d 273 [2004]; *see also Rainer N. Mittl, Opthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]).

Charge 3, however, is not supported by substantial evidence. While the evidence established that the petitioner failed to replace one of the transmission bolts, there was no proof that such failure rendered the vehicle unsafe to operate, or was willful rather than merely inadvertent (*see Matter of Cervini Car Wash v Adduci*, 167 AD2d 751, 752 [1990]; *Matter of White Plains Cent. Serv. v People*, 149 AD2d 713 [1989]; *compare Matter of Marcon, Inc. v Department of Motor Vehs., supra*).

Charge 6, also, is not supported by substantial evidence. Vehicle and Traffic Law § 398-d (1) requires a repair shop, inter alia, to make replaced parts available to a customer "upon timely written demand" or, for work authorized over the telephone, requires the repair shop to keep such replaced parts "until the customer's motor vehicle is retrieved" (Vehicle and Traffic Law § 398-d [1]). Here, there was no evidence that the complainants made a timely written request for the replaced transmission, or directed that it be returned to them when they retrieved the vehicle.

In light of our determination as to charges 3 and 6, and because the penalties imposed by the DMV covered all four violations, we do not reach the petitioner's remaining contention regarding the penalties imposed, and remit the matter to the DMV for the imposition of a new penalty with respect to charges 1 and 2 (*see Matter of White Plains Cent. Serv. v People, supra*). Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.