■ In the Matter of SCOTT PAOLINO, Petitioner, v DAVID J. SWARTS, as Commissioner of the New York State Department of Motor Vehicles, et al., Respondents. [962 NYS2d 698]—

Proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York State Department of Motor Vehicles Appeals Board dated March 29, 2011, affirming a determination of an administrative law judge dated September 13, 2010, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 1181 (a) and suspended his driver license for a stated period of time.

Adjudged that the petition is granted, with costs, the determination is annulled, and the penalty imposed is vacated.

On the afternoon of May 13, 2010, the petitioner was driving a dump truck in the center lane of the three-lane northbound Hutchinson River Parkway when he approached an arch- shaped overpass in the vicinity of Westchester Avenue. Although the Hutchinson River Parkway is a limited access highway, the petitioner's employer had secured the necessary permit for the operation of the dump truck on the parkway. According to the petitioner, he was traveling in the middle lane of the parkway because that lane provided his truck with the greatest amount of clearance to pass beneath the overpass. As the petitioner neared the overpass, he admittedly reduced his speed to approximately 30 miles per hour due to the low clearance of the overpass. A witness, who had been driving some distance behind the petitioner's truck while traveling at 50 or 55 miles per hour, moved her car from the center lane into the left lane as she approached the petitioner's truck. This witness then noticed a vehicle operated by John Battocchio, which also had been traveling in the center lane at a speed of at least 55 miles per hour,

pass her car. The Battocchio vehicle collided with the rear of the petitioner's truck, and Battocchio was fatally injured. The petitioner testified that the truck's headlights and hazard lights had been activated prior to the accident. According to a police officer who investigated the accident, the contrast between bright sunlight and the darkness of the area under the overpass was a contributing factor to the accident.

The New York State Department of Motor Vehicles (hereinafter the DMV) held a hearing to investigate the accident. In a written determination made after the hearing, an administrative law judge (hereinafter the ALJ) found that the petitioner had violated Vehicle and Traffic Law § 1181 (a), that the violation "was a contributory cause of the accident," and suspended the petitioner's driver license for a stated period of time. The ALJ's determination was affirmed by the DMV Appeals Board. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78, in effect, to review the determination of the DMV Appeals Board.

"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (*Matter of Mannino v Department of Motor Vehs. of State of N.Y.-Traffic Violations Div.*, 101 AD3d 880, 880 [2012]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d 838, 839 [2011]).

Here, the determination that the petitioner violated Vehicle and Traffic Law § 1181 (a) is not supported by substantial evidence. Vehicle and Traffic Law § 1181 (a) provides that "[N]o person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic *except when reduced speed is necessary for safe operation* or in compliance with law (emphasis added)." No evidence was presented at the hearing to indicate that the petitioner's reduction of speed as he prepared to pass beneath the overpass was unnecessary for the safe operation of his truck, or that he reduced his speed for any other purpose than the safe operation of his truck. Under these circumstances, the record lacks substantial evidence to support the determination that the petitioner violated Vehicle and Traffic Law § 1181 (a) (*see generally Matter of TMG Servs., Inc. v State of N.Y. Dept. of Motor Vehs.*, 11 AD3d 548 [2004]; *Matter of Taney v Melton*, 89 AD2d 1000 [1982]).

The petitioner's remaining contentions need not be addressed in light of our determination.

Accordingly, the petition must be granted, the determination

annulled, and the penalty imposed vacated. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.