Matter of Jensen v New York State Dept. of Motor Vehicles (2019 NY Slip Op 07069)





Matter of Jensen v New York State Dept. of Motor Vehicles


2019 NY Slip Op 07069


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2018-09137
 (Index No. 67675/17)

[*1]In the Matter of Ronald H. Jensen, petitioner, 
v
New York State Department of Motor Vehicles, respondent.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu, Mark H. Shawhan, and David Lawrence of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated August 29, 2017. The determination affirmed a determination of an Administrative Law Judge dated January 27, 2017, which, after a hearing, found that the petitioner violated a provision of the Vehicle and Traffic Law and suspended his driver license for a period of 90 days.
ADJUDGED that the petition is granted, on the law, with costs, the determination dated August 29, 2017, is annulled, and the penalty imposed is vacated.
On December 12, 2015, a motorcycle driven by Sean Peterson (hereinafter the decedent) collided with a motor vehicle operated by the petitioner at the intersection of Route 9A and Old Saw Mill River Road in Westchester County. The petitioner was turning left from the southbound side of Route 9A onto Old Saw Mill River Road when the motorcycle, which was traveling northbound on Route 9A, struck the passenger side of the petitioner's vehicle. The decedent died as a result of the accident.
After a hearing, an Administrative Law Judge (hereinafter the ALJ) determined that the petitioner violated the Vehicle and Traffic Law by failing to yield the right of way and suspended his driver license for a period of 90 days. The New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board) affirmed the ALJ's determination. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 in the Supreme Court to review the determination of the Appeals Board. The Supreme Court stayed enforcement of the suspension and, thereafter, transferred the proceeding to this Court pursuant to CPLR 7804(g).
Contrary to the petitioner's contention, he was not deprived of his right to due process, inter alia, by the admission of an accident reconstruction report into evidence at the hearing (see Matter of Gray v Adduci, 73 NY2d 741, 742-743; Matter of Wagner v Fiala, 113 AD3d 694, 695).
"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Mannino v Department of Motor Vehs. of State of N.Y. Traffic Violations Div., 101 AD3d 880; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
Here, we agree with the petitioner that the determination that he violated Vehicle and Traffic Law § 1141 was not supported by substantial evidence. Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." The testimony presented at the hearing indicated that the motorcycle operated by the decedent proceeded through a red light at the intersection of Route 9A and Skyline Drive just prior to entering the intersection where the accident occurred. A witness had observed the decedent's motorcycle, which was traveling northbound in the right lane of Route 9A behind two cars, enter the left lane and accelerate past the two cars, which were coming to a stop at the traffic light at the intersection with Skyline Drive. The petitioner's accident reconstruction expert concluded, based upon his interview with the witness and his review of the police reports, that the decedent's motorcycle was traveling at an excessive rate of speed, and that the accident was caused by the decedent proceeding through the red light and speeding. The petitioner testified that, immediately prior to making his left turn, there was no traffic between his location and the traffic light at the intersection with Skyline Drive, which was approximately 336 feet away. 
Under these circumstances, the record lacks substantial evidence to support the determination that the petitioner violated Vehicle and Traffic Law § 1141 (see generally Matter of Paolino v Swarts, 105 AD3d 850, 851; cf. Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d at 960-961).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the petition must be granted, the determination annulled, and the penalty imposed vacated.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court