Matter of Carmody (Commissioner of Labor) (2025 NY Slip Op 06963)

Matter of Carmody (Commissioner of Labor)

2025 NY Slip Op 06963

Decided on December 16, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 16, 2025

No. 129 SSM 5

[*1]In the Matter of the Claim of Mike H. Carmody, Appellant. Commissioner of Labor, Respondent.

Submitted by Jonathan I. Edelstein, for appellant.
Submitted by Laura Etlinger, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed, with costs.
The Unemployment Insurance Appeal Board (Board) did not err in applying former Labor Law §§ 522 and 591 (1)'s "total unemployment" standard to determine whether claimant was eligible for pandemic unemployment assistance and related benefits under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (see 15 USC § 9021; Matter of Klosterman [New York State Dept. of Corr. & Community Supervision—Commissioner of Labor], — NY3d &mdash, — [2025] [decided today]). Substantial evidence supports the Board's determination that claimant was not totally unemployed (see former Labor Law § 591 [1]).
Because claimant was assessed penalties, the Board's determination must also be supported by substantial evidence that claimant willfully—i.e., knowingly, intentionally, and deliberately—made a "false statement or representation" to obtain these benefits (see Labor Law §§ 594 [1], [4]; Matter of Valvo [Ross], 57 NY2d 116, 126-128 [1982], affg 83 AD2d 344, 346 [3d Dept 1981]). Substantial evidence supports the Board's finding that claimant willfully misrepresented that he worked zero hours, despite knowing that he had engaged in business-related activities that constituted work during the relevant period (see Matter of Valvo, 57 NY2d at 126).
On review of submissions pursuant to section 500.11 of the Rules, order affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided December 16, 2025