Matter of Lim (Supreme Home Care Agency of NY Inc.--Commissioner of Labor) (2026 NY Slip Op 00558)

Matter of Lim (Supreme Home Care Agency of NY Inc.--Commissioner of Labor)

2026 NY Slip Op 00558

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CV-24-2104
[*1]In the Matter of the Claim of Dai Kwang Lim, Appellant. Supreme Home Care Agency of NY Inc., Respondent. Commissioner of Labor, Respondent.

Calendar Date:January 6, 2026

Before:Garry, P.J., Reynolds Fitzgerald, McShan, Powers and Mackey, JJ.

Dai Kwang Lim, Elmhurst, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

McShan, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2024, as superseded by a decision filed March 25, 2025, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant, a full-time ophthalmic technician who additionally provided home-care services to his father under a Medicaid/Medicare program during the relevant time period, applied for unemployment insurance benefits, effective October 2, 2023, after his employment ended with an employer due to lack of work. Based upon his online certifications attesting to the fact that he was totally unemployed during the applicable time period, claimant received regular unemployment insurance benefits from October 2, 2023 through March 24, 2024. The Department of Labor subsequently determined in an April 2024 revised determination that, among other things, claimant was ineligible to receive unemployment insurance benefits during the at-issue time period because he was not totally unemployed due to the income that he received for providing home-care services. The Department also charged claimant with a recoverable overpayment of benefits, and, in light of a finding that claimant made willful misrepresentations in order to obtain benefits, a monetary penalty and a forfeiture of future benefit days were imposed. Claimant challenged the Department's revised determination, and, following a hearing, an Administrative Law Judge (hereinafter ALJ) upheld the denial of benefits, finding that claimant made willful false statements to obtain benefits for which he was not eligible because he was not totally unemployed. The ALJ also charged claimant with a recoverable overpayment of benefits, reduced his right to future benefits by a certain number of days and imposed a civil (monetary) penalty. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed the ALJ's decision in an October 2024 decision, from which claimant took an appeal. During the pendency of this appeal, the Board reopened its decision sua sponte pursuant to Labor Law § 534, and, upon doing so, rescinded its prior decisions in this matter and, in a March 2025 decision, issued new factual findings and again affirmed the decision of the ALJ.[FN1]
We affirm. It is well settled that "[u]nder state law, regular unemployment insurance benefits require total unemployment" (Matter of Almindo [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], 223 AD3d 5, 8 [3d Dept 2023], affd sub nom. Matter of Klosterman [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], ___ NY3d ___, 2025 NY Slip Op 06960 [2025]; see Labor Law §§ 522, 591 [former (1)]; Matter of Kelly [Commissioner of Labor], 215 AD3d 1157, 1158 [3d Dept 2023]). Whether a claimant is totally unemployed and thereby eligible to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision[*2], if supported by substantial evidence, will not be disturbed (see Matter of Svarczkopf [Commissioner of Labor], 233 AD3d 1117, 1118 [3d Dept 2024]; Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1368 [3d Dept 2020]; Matter of Boscarino [Commissioner of Labor], 117 AD3d 1145, 1146 [3d Dept 2014]). "Issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Douglas [Commissioner of Labor], 217 AD3d 1311, 1312 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; accord Matter of Martin [Commissioner of Labor], 228 AD3d 1201, 1202 [3d Dept 2024]).
The record here reflects that, during the at-issue time period, claimant worked four days per week at six hours per day, except for the week ending March 24, 2024, during which claimant worked three days at six hours per day. Inasmuch as claimant testified, and does not dispute, that he was paid an hourly wage for the services of care that he provided to his father during the relevant time period, we find that there is substantial evidence in support of the Board's determination that claimant was ineligible for the benefits that he received during this time based upon the ground that he was not totally unemployed (see Matter of Knehnetsky [Commissioner of Labor], 239 AD3d 1218, 1218-1219 [3d Dept 2025]; Matter of Nottage [Commissioner of Labor], 234 AD3d 1163, 1165 [3d Dept 2025]; Matter of Park [Commissioner of Labor], 231 AD3d 1248, 1249 [3d Dept 2024]; see also 12 NYCRR 470.2 [h]).
"Turning to the issue of willfulness, and the Board's imposition of recoverable overpayment of benefits, it is well settled that a claimant is responsible for accurate reporting and must disclose any employment activity when certifying for unemployment insurance benefits, and there is no acceptable defense to making a false statement and a claim that the misrepresentation was unintentional is not sufficient" (Matter of Park [Commissioner of Labor], 231 AD3d at 1249 [internal quotation marks and citations omitted]; see Matter of Carmody [Commissioner of Labor], 228 AD3d 1203, 1205 [3d Dept 2024], affd ___ NY3d ___, 2025 NY Slip Op 06963 [2025]). When claimant certified for benefits online during the time period in question, he reported zero days of work and did not report that he was being paid for providing care to his father approximately 24 hours per week (and 18 hours during the week ending March 24, 2024). Inasmuch as claimant did not disclose, when certifying for benefits, his part-time employment and compensation, there is no basis to disturb the Board's finding that claimant made willful false statements to obtain benefits warranting the recovery of the benefits paid to him (see Matter of Park [Commissioner of Labor], 231 AD3d at 1249; Matter of Almindo [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], 223 AD3d at 8). "Regardless of whether claimant read the[*3][unemployment insurance] handbook online, he is charged with constructive knowledge of its contents" (Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1289 [3d Dept 2022] [citation omitted]; accord Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d 1198, 1200 [3d Dept 2024]). In any event, when certifying for benefits online, claimant was made aware of the requirement that he must report all work, including part-time or temporary work, which he failed to do. The Board, as the sole arbiter of credibility, was also entitled to reject claimant's exculpatory testimony, including his claims that his inaccurate certifications were made as a result of an inadvertent error and/or an honest mistake (see Matter of Yura [Commissioner of Labor], 224 AD3d 1055, 1058 [3d Dept 2024]; Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1308 [3d Dept 2023]). Given the Board's finding that claimant willfully made a false statement or representation to obtain benefits, there is also no basis to disturb the Board's imposition of a monetary penalty and forfeiture of future benefit days (see Labor Law §§ 594, 597 [4]; Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1217 [3d Dept 2023]; Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]).
Garry, P.J., Reynolds Fitzgerald, Powers and Mackey, JJ., concur.
ORDERED that the March 25, 2025 decision is affirmed, without costs.

Footnotes

Footnote 1: The merits of the March 2025 decision are reviewable on this appeal in that claimant is aggrieved by that decision in essentially the same manner as he was by the prior appealed-from decision (see Matter of Harry's Nurses Registry, Inc. [Commissioner of Labor], 171 AD3d 1410, 1411 [3d Dept 2019], lv denied 34 NY3d 907 [2020]).