Matter of Knights (Commissioner of Labor)

2026 NY Slip Op 02491

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Warren Knights, Appellant. Commissioner of Labor, Respondent.

Decided and Entered:April 23, 2026

CV-25-0502

Calendar Date: March 20, 2026

Before: Garry, P.J., Pritzker, Fisher, Mackey And Corcoran, JJ.

Warren Knights, Newark, New Jersey, appellant pro se.

Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

[*1]

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 2024, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant filed an original claim for unemployment insurance benefits that became effective in April 2022, as well as another that became effective in April 2023. He received an unemployment insurance handbook shortly after the first claim was approved that advised him that he was required to report all work, including part-time work, self-employment and freelance work. The handbook also advised that he would receive partial benefits if he worked 30 hours or fewer and earned $504 or less in a given week. Claimant went on to perform grocery shopping and delivery services for Maplebear Inc., Doing Business as Instacart (hereinafter Instacart), for significant periods in 2022 and 2023, but failed to report that information when he was certifying for benefits until a Department of Labor representative advised him to do so in July 2023.

After learning of his work for Instacart, the Department issued revised initial determinations in September 2023 that found claimant ineligible to receive benefits for periods between April 2022 and October 2022, as well as periods between April 2023 and July 2023, and charged him with recoverable overpayments and forfeiture penalties based upon his willful misrepresentations to obtain benefits. Following further proceedings, those determinations were sustained by an Administrative Law Judge. Upon administrative appeal, the Unemployment Insurance Appeal Board, in relevant part, agreed that claimant had made willful misrepresentations to obtain benefits and upheld the penalties. Claimant appeals.FN1

We affirm. There is no dispute that claimant inaccurately represented that he was totally unemployed when certifying for benefits during the periods at issue, leaving the question of whether those misrepresentations were willful and warranted the imposition of penalties (see Labor Law §§ 522 [1]; 591 [former (1)]; 594). Claimant suggests that he failed to report his paid work for Instacart because he simply misunderstood his obligation to do so, but "it is well settled that a claimant is responsible for accurate reporting and must disclose any employment activity when certifying for unemployment insurance benefits, and there is no acceptable defense to making a false statement and a claim that the misrepresentation was unintentional is not sufficient" (Matter of Dai Kwang Lim [Supreme Home Care Agency of N.Y. Inc.-Commissioner of Labor], 246 AD3d 1177, 1178 [3d Dept 2026] [internal quotation marks and citations omitted]; see Matter of Carmody [Commissioner of Labor], ___ NY3d ___, ___, 2025 NY Slip Op 06963, *1 [2025]; Matter of Schneider [Commissioner of Labor], 158 AD3d 882, 883 [3d Dept 2018]). "The Board, as the sole arbiter of credibility, was . . . entitled to reject claimant's exculpatory [*2]testimony, including his claims that his inaccurate certifications were made as a result of an inadvertent error and/or an honest mistake" (Matter of Dai Kwang Lim [Supreme Home Care Agency of N.Y. Inc.-Commissioner of Labor], 246 AD3d at 1180 [citations omitted]; see Matter of Knehnetsky [Commissioner of Labor], 239 AD3d 1218, 1219-1220 [3d Dept 2025]; compare Matter of Valvo [Ross], 57 NY2d 116, 127 [1982] [nothing in record to suggest the claimant would recognize that occasional unpaid work fell within legal definition of "employment disqualifying her from all benefits throughout the entire period"]). Thus, substantial evidence supports the Board's finding that claimant made a willful misrepresentation to obtain benefits, and we perceive "no basis to disturb the Board's imposition of a monetary penalty and forfeiture of future benefit days" (Matter of Dai Kwang Lim [Supreme Home Care Agency of N.Y. Inc.-Commissioner of Labor], 246 AD3d at 1180; see Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1205 [3d Dept 2023]). To the extent that they are not addressed above, claimant's contentions have been examined and found to be lacking in merit.

Garry, P.J., Pritzker, Fisher, Mackey and Corcoran, JJ., concur.

ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1

We note that, in his brief, claimant relies upon several "cases" that do not exist. The "submission of fabricated legal authorities is completely without merit in law and therefore constitutes frivolous conduct" within the meaning of 22 NYCRR part 130 (Deutsche Bank Natl. Trust Co. v LeTennier, ___ AD3d ___, ___, 250 NYS3d 260, 267 [3d Dept 2026]; see 22 NYCRR 130-1.1 [c] [1]; 130-1.1a [b] [1]). Although we are authorized to impose sanctions (see 22 NYCRR 130-1.1 [d]), we instead sternly warn petitioner not to engage in this conduct again.